[Cite as *State v. Thompson*, 2017-Ohio-1001.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NOS. 2016-L-036 and 2016-L-037** |
| MATTHEW D. THOMPSON, | : | |
| Defendant-Appellant. | : | |

Criminal Appeals from the Lake County Court of Common Pleas, Case Nos. 2016 CR 000169 and 2015 CR 001047.

Judgment: Affirmed.

*Charles E. Coulson,* Lake County Prosecutor; *Teri R. Daniel* and *Karen A. Sheppert,* Assistant Prosecutors, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Charles R. Grieshammer,* Lake County Public Defender, and *Vanessa R. Clapp,* Assistant Public Defender, 125 East Erie Street, Painesville, OH 44077 (For Defendant-Appellant).

CYNTHIA WESTCOTT RICE, P.J.

{¶1} Appellant, Matthew D. Thompson, appeals from the judgments of the Lake County Court of Common Pleas, sentencing him to consecutive terms of 12 months imprisonment for telecommunications harassment, in violation of R.C. 2917.21(B) and violation of a protection order, in violation of R.C. 2919.27(A)(2). Originally, the trial court imposed consecutive terms of nine months for each of the crimes. Following an outburst in court, however, the trial judge increased the terms. Appellant contends that,

in doing so, the trial court erred because the outburst was an act of contempt, rather than an expression of a lack of remorse.  We disagree and affirm the trial court.

{¶2}  On February 11, 2016, appellant waived his right to have his case presented to the grand jury and pleaded guilty, by way of information, to one count of telecommunications harassment, a felony of the fifth degree (Lake County Common Pleas Case No. 15CR001047).  On March 11, 2016, appellant again waived his right to have his case presented to the grand jury and pleaded guilty, by way of information, to one count of violating a protection order, a felony of the fifth degree (Lake County Common Pleas Case No. 16CR000169).  The trial court proceeded to sentencing on both cases.

{¶3}  At the sentencing hearing, the trial court, after considering the felony sentencing factors, initially sentenced appellant to nine months on each count, to be served consecutively to each other, for a total of 18 months imprisonment.  After court was adjourned and as appellant was exiting the courtroom, however, the trial judge overheard appellant make a vulgar, hostile comment to the prosecutor.  The trial judge immediately went back on record and proceeded to reconsider appellant's level of remorse for his criminal acts.  The court stated that appellant's outburst indicated he had "no remorse whatsoever" for his acts and increased appellant's sentence to 12-months imprisonment for each count, for a total of 24 months in prison.  The court further advised appellant if he made any additional inappropriate comments as he exited, he would hold him in contempt of court.

{¶4}  Appellant appeals, assigning the following as error:

**{¶5}** "The trial court erred when it increased the defendant-appellant's sentence following the conclusion of his initial sentencing hearing where its findings to increase the sentence were not supported by the record and contrary to law."

**{¶6}** Appellate review of a felony sentence is governed by R.C. 2953.08(G)(2), which provides:

> **{¶7}** The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

> **{¶8}** The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard of review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

> **{¶9}** (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

> **{¶10}** (b) That the sentence is otherwise contrary to law.

**{¶11}** The foregoing standard is highly deferential as the "the 'clear and convincing' standard used by R.C. 2953.08(G)(2) is written in the negative. It does not say that the trial judge must have clear and convincing evidence to support its findings. Instead, it is the court of appeals that must clearly and convincingly find that the record does not support the court's findings." *State v. Venes*, 8th Dist. Cuyahoga No. 98682, 2013-Ohio-1891, ¶21 (8th Dist.). Accordingly, this court can only modify or vacate a sentence if the panel determines, by clear and convincing evidence, that the record

3

does not support the trial court's decision or if the sentence is contrary to law. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶7.

{¶12} Appellant asserts the trial court erred because it misapplied the seriousness and recidivism factors of R.C. 2929.12 when it added six additional months to his term of imprisonment following his vulgar statement to the prosecutor. Appellant contends the trial court erred in finding the outburst was a function of his lack of remorse; instead, he claims his utterance was a result of his bipolar personality disorder, a mental condition of which the court was aware. In light of this, appellant urges this court to reverse the trial court's judgment and remand the matter for re-sentencing, directing the trial court to apply the law of contempt. Because the trial court was not required to enter a contempt order *and* the sentence was not final when the court increased appellant's sentence, we hold the trial court's actions are consistent with the law.

{¶13} Preliminarily, although the trial court could have held appellant in contempt for his outburst, the trial judge, under the circumstances, acted within his authority when he increased appellant's underlying sentence by six months. "A criminal sentence is final upon issuance of a final order." *State v. Carlisle*, 131 Ohio St.3d 127, 2011-Ohio-6553, ¶11. *See also State ex rel. White v. Junkin*, 80 Ohio St.3d 335, 337 (1997) (a trial court possessed authority to vacate a finding of guilt and imposition of sentence and order the defendant to face trial on a more serious charge because the judgment had never been journalized by the clerk pursuant to Crim.R. 32). A judgment of conviction is final when the order sets forth (1) the fact of the conviction; "(2) the sentence; (3) the signature of the judge; and (4) entry on the journal by the clerk of court." *State v. Baker*,

4

119 Ohio St.3d 197, 2008-Ohio-3330, syllabus, as modified by *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, syllabus.

{¶14} The judgment on sentence was not final when the trial court went back on record and increased appellant's sentence. Accordingly, the trial court possessed the authority to change its previous sentence and, after noting appellant's outburst reflected a lack of remorse, increase the penalty.

{¶15} We shall next address whether the record, by clear and convincing evidence, fails to support the trial court's sentence. First, we point out that the 2008 psychological evaluation upon which appellant relies to support his position cuts both ways. In addition to commenting on appellant's mental instability, the psychologist noted: "despite several legal problems before, including those of a similar nature, he has not adequately addressed the underlying mental health issues. This makes him dangerous, particularly the history of similar behaviors without him complying with court orders." Eight years after the evaluation, it is evident appellant has still failed to address his mental health issues. The trial court, therefore, could reasonably conclude appellant did not take the underlying criminal offenses as serious as he claimed.

{¶16} Moreover, since reaching adulthood in 1990, appellant has been convicted of 15 misdemeanors or felonies. The crimes include one instance of domestic violence; two of aggravated menacing; two violations of protection orders; two menacing by stalking; one violation of an anti-stalking order; one attempted intimidation; and one for telephone harassment. These 10 crimes are similar to those to which appellant pleaded guilty in the underlying matter.

{¶17} During its initial sentencing of appellant, the trial court stated as follows:

5

{¶18} "I have considered all relevant factors including the seriousness and recidivism factors set forth in 2929.12. There are factors making the offenses more serious. Offender's relationship with the victim facilitated the offense. The age of the victim, the type of harassment, all of those make the offenses more serious. There are no factors making the offenses less serious. In terms of recidivism, the offender committed the 16 case while under bond on the 15 case. There's a previous criminal history, two prior prison terms, rehabilitation failure after previous convictions, failure to respond in the past to probation. And extreme number of violations of a similar character. No factors make recidivism unlikely."

{¶19} Despite the foregoing, the sentences originally imposed were not the maximum available for fifth-degree felonies. See R.C. 2929.14(A)(5). And a lack of remorse is an enhancing factor in felony sentencing. R.C. 2929.12(D)(5). In light of appellant's history of committing crimes similar to those before us as well as the aggressive and offensive nature of the statement he cast at the prosecutor, the trial court could reasonably conclude the outburst demonstrated a lack of remorse. Appellant has failed to show, clearly and convincingly, that the trial court misapplied the sentencing factors or that the sentence was otherwise contrary to law.

{¶20} Appellant's sole assignment of error lacks merit.

{¶21} The judgments of the Lake County Court of Common Pleas are accordingly affirmed.


TIMOTHY P. CANNON, J., concurs,

COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.

_____

6

COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.

**{¶22}** I respectfully dissent.

**{¶23}** Appellant argues the trial court should have found him in contempt, rather than reweigh the seriousness and recidivism factors due to his bipolar condition. The trial court had before it and acknowledged considering a 2008 psychological evaluation of appellant by the court psychologist, stating that appellant has "serious underlying problems, and "[a]t his core, he is unstable from a mental health standpoint." Appellant argues his outburst did not represent a lack of remorse, but is indicative of his unstable mental health.

**{¶24}** Again, appellant urges us to apply the law of contempt. He cites to *State v. King*, 8th Dist. Cuyahoga No. 80958, 2002-Ohio-7228. In that case the trial court sentenced appellant to a total of 485 days in jail for contempt, due to five outbursts during trial. *Id.* at ¶1. The Eighth District found this excessive, and reversed and remanded for resentencing. *Id.* at ¶11, 15-19. Appellant also cites to *State v. Dumas*, 7th Dist. Mahoning No. 10-MA-50, 2011-Ohio-1003. In that case, the trial court sentenced appellant to 18 months in jail for contempt due to a series of outbursts in court. *Id.* at ¶5-25. On appeal, the Seventh District found this excessive, and reversed on this point and remanded for resentencing. *Id.* at ¶60-62.

**{¶25}** "A court may summarily punish a person for direct contempt as long as two conditions are met: (1) the contumacious act must be known personally to the court; and (2) the nature of the contempt must establish an imminent threat to the administration of justice so that immediate punishment is required to prevent demoralization of the court's authority before the public. *In re Wingrove,* 4th Dist. No. 02CA4, 2003-Ohio-549, at ¶30." *Dumas, supra*, at ¶45.

7

{¶26} Further, while the power of trial courts to punish direct criminal contempt is not limited by R.C. 2705.05, appellate courts have urged trial courts to use the statute as a guideline in such cases. *King*, *supra*, at ¶12; *accord Dumas* at ¶52. Thus, as appellant's action could be defined as an initial criminal contempt of the trial court, the law would indicate 30 days in jail as an appropriate punishment. R.C. 2705.05(A)(1). He received far more.

{¶27} This writer believes that the trial court's decision is contrary to law, in that it should have applied the law of contempt, rather than reweighing the seriousness and recidivism factors. The record is replete with information regarding appellant's mental disabilities: his conduct toward the assistant prosecutor is fully in line with those disabilities, and illustrates them. Mental disability is not a factor tending to make a crime more serious or recidivism more likely under R.C. 2929.12. Thus, the weighing of the seriousness and recidivism factors was complete when the trial court imposed its initial sentences, and should not have been reopened. Rather, appellant should have been held responsible for the contempt he clearly committed. Consequently, appellant should only be sentenced to consecutive terms of nine months, as the trial court initially concluded.