**[Cite as *State v. Bahnsen*, 2021-Ohio-3057.]**

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

State of Ohio

Court of Appeals No.  E-21-004

Appellee

Trial Court No.  2017 CR 0100

v.

Brandon E. Bahnsen

**DECISION AND JUDGMENT**

Appellant

Decided:  September 3, 2021

* * * * *

Kevin J. Baxter, Erie County Prosecuting Attorney, and
Kristin R. Palmer, Assistant Prosecuting Attorney, for appellee.

Chelsea L. Meister, for appellant.

* * * * *

**MAYLE, J.**

{¶ 1} Defendant-appellant, Brandon Bahnsen, appeals the February 8, 2021

judgment of the Erie County Court of Common Pleas, revoking his community control

and imposing consecutive prison terms of 36 months and 18 months.  For the following reasons, we affirm the trial court judgment.

## I.     Background

{¶ 2} Brandon Bahnsen was charged with permitting drug abuse, a violation of R.C. 2925.13(B) and (C)(3), a fifth degree felony (Count 1); corrupting another with drugs, a violation of R.C. 2925.02(A)(3) and (C)(1), a second-degree felony (Count 2); and obstructing justice, a violation of R.C. 2921.32(A)(5) and (C)(3), a fifth-degree felony (Count 3).  On August 17, 2018, Bahnsen entered a plea of guilty to the amended charges of obstructing justice, a violation of R.C. 2921.32(A)(5) and (C)(4), a third-degree felony (Count 2); and aggravated trafficking in drugs, a violation of R.C. 2925.03(A)(2) and (C)(1)(a), a fourth-degree felony (Count 3).  Count 1 was dismissed. The trial court made a finding of guilty, referred the matter for a presentence investigation, and continued the matter for sentencing, which occurred on October 29, 2018.

{¶ 3} The trial court imposed a sentence of community control, subject to various conditions.  It imposed consecutive sentences of 36 months' imprisonment on Count 2 and 18 months' on Count 3, to be served in the event that community-control sanctions were revoked.  According to the judgment entry of plea and the transcript of the sentencing hearing, the sentence—including the length of the prison terms that would be imposed in the event of revocation of community control—was jointly recommended as

2.

part of Bahnsen's plea agreement, as was the fact that the sentences would be served consecutively. Bahnsen's sentence was memorialized in a judgment journalized on October 30, 2018.

{¶ 4} On September 12, 2019, the court received notice that Bahnsen violated the terms of his community-control sanctions. An evidentiary hearing was scheduled for November 14, 2019, but Bahnsen admitted to violating community control and waived his right to a hearing. The state told the court that Bahnsen was untruthful about his employment; he failed to provide information necessary to confirm that he actually had a sober sponsor; the person Bahnsen considered a sober sponsor did not view himself as such and they had not met since sentencing; Bahnsen's ORAS (Ohio Risk Assessment System) score had increased from low to moderate; he had not made substantial payments toward his fines and costs; he failed to report to probation numerous times; and even though not prohibited by the terms of his community-control sanctions, he regularly tested positive for alcohol.

{¶ 5} The court accepted Bahnsen's admission, found that he violated community control, but opted to continue community-control sanctions. The court ordered Bahnsen to abide by all standard conditions; remain in Erie County; successfully complete intensive supervision for up to one year and standard supervision after that; refrain from driving until showing proof of a valid driver's license and insurance; comply with all lawful orders of the probation department; remain in the state of Ohio unless first

3.

receiving written consent to leave; submit to random drug and alcohol testing; obtain and maintain a sponsor; enter the WORTH program (Western Ohio Regional Treatment and Habilitation Center), a community-based correctional facility, for a term of up to six months; maintain full-time employment; and pay costs. These terms were memorialized in a judgment entered on November 15, 2019.

{¶ 6} On November 25, 2020, the court received notice that Bahnsen had violated the terms of his community-control sanctions again. An evidentiary hearing was scheduled for February 28, 2021, but Bahnsen admitted to violating community control and waived his right to a hearing. The state told the court that Bahnsen failed to maintain full-time employment; untruthfully reported that he was working at Style Crest, when he was not; was supposed to report for work in January, but did not; reported that he was with a new employer on January 19, 2021, but by January 22, 2021, was no longer working there; failed to follow through with after-care following his release from WORTH Center; failed to report a change in residence; and still had not made substantial payment towards his fines and costs.

{¶ 7} The court accepted Bahnsen's admission and found that he violated community control. It was reported at the hearing that Bahnsen had recently obtained a new job that he was excited about, had connected with a new sponsor very recently, and had a baby on the way. Nevertheless, the court chose to revoke community control and invoke the agreed-upon consecutive sentences—an aggregate term of 54 months—set

4.

forth in the original sentencing entry. It noted that Bahnsen had a 2013 conviction for drug abuse, discussed the charges that brought Bahnsen before the court, observed that Bahnsen was later convicted of reckless operation in 2017, summarized the various community-control violations committed in 2019 and 2020, and concluded:

> So it looks like community sanctions is getting worse. You have more violations now than you did the first time when the Court continued you on. It's not supposed to work that way. Things are supposed to get better. You're not supposed to have any violations, but if you do, each time—and there shouldn't be more than once, but each time they should get smaller and smaller. Yours are getting bigger and bigger. That doesn't show the Court that you're a good candidate to remain on community sanctions.
>
> This Court is revoking your term of community control sanction and imposing the original sentence handed down October 29th of '18.

{¶ 8} The court entered a judgment journalized on February 8, 2021. Bahnsen appealed. He assigns the following errors for our review:

> 1. The Trial Court abused its discretion by imposing a 54-month consecutive term of imprisonment for the violation [of] Appellant's Community Control sanction.

5.

2. The Trial Court abused its discretion when it failed to consider the factors in R.C. 2929.11.

3. Trial Court abused its discretion by relying in part on the charges as stated [in] Appellant's original indictment.

4. Trial Court abused its discretion by relying in part on Appellant's charge(s) of reckless operation and Drug Abuse which he acquired before he was sentenced on October 29, 2018.

## II. Law and Analysis

{¶ 9} In his four assignments of error, Bahnsen argues that the trial court abused its discretion when it imposed a 54-month aggregate prison sentence after revoking community-control sanctions because (1) it failed to consider R.C. 2929.11, and (2) it considered dismissed charges and other convictions. The state responds that the court did consider R.C. 2929.11, it properly relied, in part, on the charges in the indictment that had been dismissed, and it properly relied, in part, on other convictions.

{¶ 10} "The right to continue on community control depends on a defendant's compliance with community control conditions and is a matter that rests within the sound discretion of the trial court." (Citations omitted.) *State v. Schreiber*, 12th Dist. Warren No. CA2018-03-026, 2019-Ohio-2963, ¶ 18. We review a trial court's decision to revoke a community control sanction for an abuse of that discretion. *State v. Calhoun*, 6th Dist. Wood No. WD-17-067, 2019-Ohio-228, ¶ 17. An abuse of discretion connotes that the

6.

trial court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). An unreasonable decision is one that lacks sound reasoning to support the decision. *Hageman v. Bryan City Schools*, 10th Dist. Franklin No. 17AP-742, 2019-Ohio-223, ¶ 13. "An arbitrary decision is one that lacks adequate determining principle and is not governed by any fixed rules or standard." *Id.*, quoting *Porter, Wright, Morris & Arthur, LLP v. Frutta del Mondo, Ltd.*, 10th Dist. No. 08AP-69, 2008-Ohio-3567, 2008 WL 2779511, ¶ 11. And an unconscionable decision is one "that affronts the sense of justice, decency, or reasonableness." *Id.*

{¶ 11} Here, Bahnsen admitted that he violated community-control sanctions. He assigns error in the 54-month sentence that the court imposed when it revoked community control.

{¶ 12} Under R.C. 2929.15(B)(1) and (3), if an offender violates the conditions of a community-control sanction or violates a law, the court may impose a longer period of community control, a more restrictive community-control sanction, or a prison term within the range available for the underlying offense up to the maximum term specified at the original sentencing hearing. *See also Calhoun* at ¶ 18. Generally speaking, a trial court holds a "great deal of discretion" to fashion a sentence after finding that an offender has violated the conditions of community control. *Id.*

7.

{¶ 13} Felony sentences are reviewed under R.C. 2953.08. But the parties fail to address—or even to point out—a crucial point here: the 54-month sentence was jointly-recommended. Under R.C. 2953.08(D)(1), this renders us unable to review Bahnsen's sentence except to determine if it is authorized by law.

{¶ 14} The judgment entry of plea, journalized August 23, 2018, contains a section entitled "AGREED RECOMMENDED SENTENCE." This portion of the judgment entry is completed and states as follows:

> The parties *Agree* to the following: State does not oppose [community control sanctions]. Defendant waives all defects in lesser amended charges. Defendant waives his appellate rights with regard to the maximum prison sentence imposed on [Counts] 2 & 3. These waivers are for Defendant's benefit. Parties agree to 4½ years suspended prison time. Defendant agrees to cooperate and testify against [K.L.] with regard to his role in this incident. Victims in agreement with this plea.

The judgment entry of plea further states that "If the *Recommended* sentence requires imposition of *Consecutive Sentences*, I agree to the imposition of the Consecutive Sentences and waive any statutory review by the Court for imposition of *Consecutive Sentences*." Bahnsen signed the judgment entry of plea.

{¶ 15} At the sentencing hearing, the trial judge told the parties that he would "go along with the agreed recommended sentence." The judgment entered following the

8.

sentencing hearing states that with respect to the obstructing justice conviction, "Defendant shall be placed on *Community Control Sanctions* for 5 Years beginning October 29, 2018[.]  A harsher sanction, including a Prison term of 36 Months would be imposed if Defendant's Community Control Sanctions are violated and revoked."  With respect to the aggravated trafficking in drugs conviction, it states that "Defendant shall be placed on *Community Control Sanctions* for 5 Years beginning October 29, 2018[.]  A harsher sanction, including a Prison term of 18 Months would be imposed if Defendant's Community Control Sanctions are violated and revoked."  Finally, the judgment entry states that "This Court finds that *Consecutive* sentences are applicable based on the factors in O.R.C. 2929.14(C)(4)(a)-(c) et seq…  Or Defendant waived review of those factors by this Court pursuant to the Plea Agreement."

{¶ 16} Although Bahnsen failed to file the transcript of the plea hearing, the written plea agreement, transcript of the sentencing hearing, and the sentencing judgment demonstrate that this was a jointly-recommended sentence; the parties agreed that a violation of community-control sanctions would result in consecutive prison terms totaling 54 months—i.e., four-and-one-half years; the court accepted the jointly-recommended sentence; and this was the sentence the court imposed after Bahnsen's admitted community-control violations led it to revoke community-control sanctions.

{¶ 17} R.C. 2953.08(D)(1) provides that "[a] sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been

9.

recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." Here, the sentences are authorized by law under R.C. 2929.14(A)(3)(b) (providing for sentence of nine, 12, 18, 24, 30, or 36 months for third-degree felony) and R.C. 2929.14(A)(4) (providing for prison term of six, seven, eight, nine, ten, 11, 12, 13, 14, 15, 15, 17, or 18 months for fourth-degree felony). The parties agreed to the sentence that would be imposed if community-control sanctions were revoked, and the trial court imposed this sentence. We are unable, therefore, to review the sentence.

{¶ 18} Other districts have reached the same conclusion. In *State v. Herald*, 3d Dist. Defiance No. 4-16-09, 2016-Ohio-7733, ¶ 4, Herald and the state entered into a plea agreement that included a joint recommendation that Herald be sentenced to four years of community control, but provided that if community control was violated and revoked, Herald would serve consecutive prison terms of six years and 18 months. Community control was revoked, and the court imposed the aggregate seven-and-one-half year sentence that had been jointly recommended. On appeal, Herald argued, among other things, that the trial court erred by failing to consider applicable sentencing statutes in imposing his sentence. The Third District explained that because Herald's sentence was jointly recommended by the parties and imposed by the trial court, its review was limited to whether the sentence was authorized by law. Given that the sentences fell within the

10.

statutory ranges, the court concluded that Herald's claim that the trial court did not consider specific sentencing statutes was without merit.

{¶ 19} Similarly in *State v. Griffin*, 4th Dist. Athens No. 16CA4, 2017-Ohio-6877, Griffin and the state entered into a plea agreement that included a joint recommendation that Griffin be sentenced to five years of community control, but provided that if community control was violated and revoked, Griffin would serve consecutive prison terms of eight years and 18 months. Community control was revoked, and the court imposed the nine-and-one-half year aggregate sentence that had been jointly recommended. On appeal, Griffin argued that the sentence was not authorized by law because the trial court violated R.C. 2929.19(B)(4) by failing to notify him that if the community-control sanction was violated, it may impose a longer time under the same sanction, a more restrictive sanction, or a prison term, and to indicate the specific prison term that may be imposed. The Fourth District held that the nine-and-one half year prison sentence was not subject to review under R.C. 2953.08(D)(1) because the prison term was part of a jointly-recommended sentence. It reasoned that the community-control sanctions statute (and any subsequent prison term imposed for a violation) are discretionary, thus the notice requirement in R.C. 2929.19(B)(4) is not a "mandatory sentencing provision" for purposes of determining whether the jointly recommended sentence is "authorized by law" under R.C. 2953.08(D)(1).

11.

**{¶ 20}** Here, too, the parties agreed to the sentence to be imposed if Bahnsen's community-control sanctions were revoked. The prison terms—36 months for the third-degree felony and 18 months for the fourth-degree felony—were authorized by law. The sentence is, therefore, not subject to review under R.C. 2953.08(D)(1).[1]

**{¶ 21}** Accordingly, we find Bahnsen's assignments of error not well-taken.

### III.    Conclusion

**{¶ 22}** We find Bahnsen's assignments of error not well-taken. His sentence was jointly recommended as part of Bahnsen's plea agreement, and is not subject to review under R.C. 2953.08(D)(1). Accordingly, we affirm the February 8, 2021 judgment of the Erie County Court of Common Pleas. Bahnsen is ordered to pay the costs of this appeal under App.R 24.

Judgment affirmed.

---

[1] Even if we could review Bahnsen's sentence, his arguments here would fail because (1) we presume, even on a silent record, that a trial court considered R.C. 2929.11 and 2929.12, and we will not independently weigh the evidence and substitute our judgment for that of the trial court regarding the appropriate sentence under those statutes (*State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 20); (2) a trial court may consider charges dismissed pursuant to plea agreements in imposing a sentence (*State v. Lanning*, 6th Dist. Ottawa No. OT-19-024, 2020-Ohio-2863, ¶ 17); and (3) a trial court may consider the offender's criminal history in imposing a sentence (R.C. 2929.12(D)(2)).

12.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

_____
JUDGE

Thomas J. Osowik, J.

_____

Christine E. Mayle, J.                          JUDGE
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.

13.