[Cite as *State v. Foley*, 2021-Ohio-3263.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                          Court of Appeals No.  WD-21-005

     Appellee                                      Trial Court No.  2018CR0588

v.

Melissa Foley                                         **DECISION AND JUDGMENT**

     Appellant                                     Decided:  September 17, 2021

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, and
David T. Harold, Assistant Prosecuting Attorney, for appellee.

Jeffrey P. Nunnari, for appellant

* * * * *

**MAYLE, J.**

{¶ 1} Defendant-appellant, Melissa Foley, appeals the January 19, 2021 judgment

of the Wood County Court of Common Pleas, revoking her community control and

imposing concurrent prison terms of 12 months and 36 months. For the following reasons, we affirm the trial court judgment.

## I. Background

{¶ 2} Melissa Foley was charged with possession of cocaine, a violation of R.C. 2925.11(A) and (C)(4)(a), a fifth degree felony (Count 1), and endangering children, a violation of R.C. 2919.22(A) and (E)(2)(C), a third-degree felony (Count 2). On March 29, 2019, Foley entered a plea of guilty to both charges. The trial court made a finding of guilty, referred the matter for a presentence investigation, and continued the matter for sentencing.

{¶ 3} Foley was permitted to withdraw her guilty plea after revealing during her PSI interview that she had been intoxicated at the plea hearing and had no memory of it. A new plea hearing took place at which she confirmed that she was not under the influence, and she once again entered a plea of guilty. Again, the court made a finding of guilty and continued the matter for sentencing.

{¶ 4} On May 17, 2019, the trial court imposed a sentence of community control, subject to various conditions, including that Foley not consume alcoholic beverages and that she attend Alcoholics Anonymous or other 12-step support meetings. It informed Foley that a violation of community-control sanctions may lead to a more restrictive sanction, including a sentence of 12 months' imprisonment on Count 1 and 36 months on Count 2. Foley's sentence was memorialized in a judgment journalized on May 21, 2019.

2.

{¶ 5} On July 28, 2020, the state filed a motion to revoke community control, alleging that Foley violated community control by testing positive for the presence of alcohol. Foley admitted to the violation and at a hearing on the state's motion, the court accepted Foley's stipulation, found that she violated community control, and continued the matter for disposition.

{¶ 6} Before the disposition hearing, on November 18, 2020, the state filed a second motion to revoke community control. It alleged that Foley failed to attend sober support meetings and instead submitted falsified proofs of attendance.

{¶ 7} On January 12, 2021, the trial court conducted a hearing on the state's second petition to revoke community control. At that hearing Foley admitted the community-control violation. The matter proceeded to disposition on both violations.

{¶ 8} Defense counsel spoke on Foley's behalf. Among other things, he pointed out to the court that Foley had submitted "letters from organizations that show * * * [that Foley] is engaged in substance abuse counseling, and treatment, and all forms of sort of positive interaction[.]" The court responded that what had been missing from the case "from day one" was honesty. "Ms. Foley hasn't told a truth to this Court, as I could attest, at any time throughout this." Defense counsel acknowledged the importance of honesty, but insisted that "the addict's path usually * * * takes a long time to rebuild trust * * *." He again emphasized that his client had supplied letters of support.

{¶ 9} Foley addressed the court and conceded that she had made mistakes and had lied to the court. She offered explanations for some of those mistakes and lies—mainly,

3.

that her lies stemmed from fear.  She told the court:  "I'm not trying to fool you."  She explained the difficulty she was having making it to in-person meetings, and told the court she panicked and accepted fraudulent meeting slips from someone.  Foley told the court that she was "embarrassed and humiliated" that she lied.  She listed for the court all the things she had been doing to better herself and to recover, including working full-time at Cherry Street Mission.

{¶ 10} The court once again focused on Foley's lies over the course of the case and told Foley that those lies had thwarted its attempts to keep her "on the right line."  The court told Foley that it had come to the hearing planning on sending her to prison, but ultimately, it decided to give Foley "the benefit of the doubt" because she had "done a lot of things."  The trial court imposed 30 days in Wood County Jail and continued community control.  The court told Foley: "I'm still not convinced that probation will completely work.  I'm not convinced that you can be honest."

{¶ 11} Before entering judgment memorializing the disposition of the community-control violations, the court learned that Foley had been discharged from Cherry Street Mission, she had forged a letter of support from A.J., an employee of Cherry Street Mission, and she forged a letter of support from her brother.  The court scheduled a second hearing for January 15, 2021, at which it explained how it had learned of Foley's dishonesty.

{¶ 12} The court told the parties that on the morning of the January 12, 2021 hearing, it emailed A.J. to follow up on her letter of support for Foley.  A.J. did not

4.

immediately respond. The next morning, however, A.J. replied to the court's email message and informed it that she had not written the letter. "Then that led to some conversations with [A.J.] and other individuals at Cherry Street Mission, where [the court] learned that for other reasons Ms. Foley has been discharged from Cherry Street Mission because of other actions unrelated to the letter that was submitted." The court contacted Ms. Foley's brother and learned that he also had not written the letter of support that Foley attributed to him.

{¶ 13} Because no judgment had yet been entered, the court explained, it felt it could rehear the matter. Defense counsel indicated that he was "not going to lodge any objection to this procedural effort—not that there would be a fair objection * * *." The state outlined the number of ways that Foley had broken the law by submitting the falsified letters and attendance records. For her part, Foley admitted that she submitted the fraudulent letters, explaining that she did so because she was "trying to get [herself] out of trouble."

{¶ 14} The court read correspondence it received from A.J. after they spoke concerning Foley's falsified letter. A.J. had positive things to say about Foley, said she was saddened to hear that Foley submitted a falsified letter from her, and indicated that if she had been asked, she would have been more than willing to send a letter on Foley's behalf.

{¶ 15} Again noting its frustration and disappointment with Foley's deceit, the trial court, after considering R.C. 2929.11, 2929.12, 2929.13, and 2929.15, terminated

5.

community control and imposed the sentences of which Foley was informed at her original sentencing hearing—12 months in the Ohio Department of Rehabilitation and Corrections on Count 1 and 36 months on Count 2—and ordered those sentences to be served concurrently.  The sentence was memorialized in a judgment entered on January 19, 2021.

{¶ 16} Foley appealed.  She assigns the following error for our review:

WHETHER THE TRIAL COURT ERRED TO APPELLANT'S PREJUDICE BY REVOKING HER COMMUNITY CONTROL AND SENDING HER TO PRISON?

## II.    Law and Analysis

{¶ 17} In her sole assignment of error, Foley argues that the trial court erred by revoking community control based on conduct that, while unlawful, did not violate any term or condition of community control.  She claims that no condition "prohibit[ed] her from writing fake letters to the judge," and her dishonesty was already taken into account during the January 12, 2021 hearing.  Foley complains that the court failed to explain how the letters—which she describes as "further reflections of Foley's known penchant for dishonesty"—altered its disposition of her community-control violations "just three days after determining that her dishonesty didn't warrant termination of community control."  Moreover, she contends, she was punished for this conduct "on the court's own initiative," without a separate petition to revoke her community control, violating her right to due process.

6.

{¶ 18} The state responds that Foley was notified at her original sentencing hearing that a violation of community-control sanctions could lead to more restrictive sanctions, including a prison term of 12 months on Count 1 and 36 months on Count 2. The state also points out that the court considered the relevant sentencing factors, including R.C. 2929.11 and 2929.12, and expressed its rationale for imposing prison terms. It emphasizes that an appellate court may not independently weigh the evidence and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with those statutes.

{¶ 19} Under R.C. 2929.15(B)(1) and (3), if an offender violates the conditions of a community-control sanction or violates a law, the court may impose a longer period of community control, a more restrictive community-control sanction, or a prison term within the range available for the underlying offense up to the maximum term specified at the original sentencing hearing. *See also State v. Calhoun*, 6th Dist. Wood No. WD-17-067, 2019-Ohio-228, ¶ 18. We review a trial court's decision to revoke a community control sanction under an abuse-of-discretion standard. *Calhoun* at ¶ 17. An abuse of discretion connotes that the trial court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). An unreasonable decision is one that lacks sound reasoning to support the decision. *Hageman v. Bryan City Schools*, 10th Dist. Franklin No. 17AP-742, 2019-Ohio-223, ¶ 13. "An arbitrary decision is one that lacks adequate determining principle and is not governed by any fixed rules or standard." *Id.*, quoting *Porter, Wright, Morris*

7.

*& Arthur, LLP v. Frutta del Mondo, Ltd.*, 10th Dist. Franklin No. 08AP-69, 2008-Ohio-3567, ¶ 11.  And an unconscionable decision is one "that affronts the sense of justice, decency, or reasonableness."  *Id.*

{¶ 20} First, to be clear, the trial court revoked community control based on Foley's conduct in failing to attend required sober-support meetings, instead submitting fraudulent sober-support meeting attendance slips, and for consuming alcohol, resulting in a positive alcohol test—both were *stipulated* violations of community control; it did not terminate community control because Foley wrote "fake letters to the judge."  The court, therefore, did not punish Foley's conduct "on [its] own initiative" as Foley claims, and her due process argument is without merit.

{¶ 21} Second, Foley is wrong that the court failed to describe how the letters altered its disposition of her community-control violations.  The trial judge explained at the sentencing hearing that he had fully intended to send Foley to prison on January 12, 2021, because he did not feel that community control would work because he was "not convinced that [she] could be honest."  But, the court noted, "you've done a lot of things, and so I'm going to give you the benefit of the doubt."  Important to that decision was Foley's "successes as an employee at Cherry Street Mission" and the "letter sen[t] on her behalf from an employee at Cherry Street Mission."  The very next day, the court learned that Foley has been discharged from Cherry Street Mission and had forged the letter of support from A.J.  So while it is true that the court considered Foley's "penchant for

8.

dishonesty" when it sentenced her at the January 12, 2021 hearing, the court discovered, *before entering judgment*, that Foley had not done the "things" that had persuaded it to abandon its original plan to impose a prison sentence.

{¶ 22} The court explained in its January 19, 2021 judgment:

> The Court also considered that the admitted allegation of a community control violation was the presentation of false sober support certificates and that at the hearing of this matter Defendant attempted to present a falsified letter of support as an original document from a third party advocating for the Defendant. Considering that Defendant has presented previous misstatements to the Court, had a violation for attempting to mislead a probation officer, presented a falsified letter to the Court and the fact that community control is only effective—particularly when addressing the needs of an addicted person—if the probationer is truthful [sic].

{¶ 23} Here, it is undisputed that Foley tested positive for alcohol and failed to attend required sober-support meetings, instead submitting falsified proofs of attendance, violating her community-control sanctions. It was within the court's discretion to impose the prison terms of which it notified Foley at her original sentencing. And while the court initially acted against its instincts when it decided to continue community control on January 12, 2021, it learned of Foley's deceptive conduct—her untruthful

9.

representation that she was employed by Cherry Street Mission and her submission of forged letters of support—before judgment was entered, in time to convene a new disposition hearing. *See State v. Thompson*, 2017-Ohio-1001, 86 N.E.3d 608, ¶ 13 (11th Dist.) (explaining that criminal sentence is not final until issuance of final order).

{¶ 24} We find no abuse of discretion in the trial court's decision to terminate community control and impose the prison sentences of which Foley was informed at her original sentencing hearing. *See, e.g., id.* at ¶ 1 (finding no error where after outburst in court following sentencing and before judgment was entered, trial judge went back on record and increased defendant's sentence). *See also State v. Bryant*, 11th Dist. Lake No. 2019-L-024, 2020-Ohio-438, ¶ 24, *appeal allowed,* 159 Ohio St.3d 1468, 2020-Ohio-3884, 150 N.E.3d 125, ¶ 24 ("[T]he trial court's initial order was not final upon the court's pronouncement; the court, therefore, possessed the authority to revisit the order and increase the same.").

{¶ 25} We find Foley's assignment of error not well-taken.

### III.    Conclusion

{¶ 26} The trial court did not abuse its discretion when it convened a new disposition hearing to address false information and fraudulent letters of support submitted by Foley in an attempt to avoid stricter sanctions following two admitted community-control violations. The court had not yet entered judgment following its first-scheduled disposition hearing when it learned of Foley's deceit, so it possessed authority to revisit the order and pronounce a new disposition.

10.

**{¶ 27}** We affirm the January 19, 2021 judgment of the Wood County Court of

Common Pleas. Foley is ordered to pay the costs of this appeal under App.R 24.

                                                    Judgment affirmed.

        A certified copy of this entry shall constitute the mandate pursuant to App.R. 27.
*See also* 6th Dist.Loc.App.R. 4.

Christine E. Mayle, J.                    _____
                                                    JUDGE
Gene A. Zmuda, P.J.

                                          _____
Myron C. Duhart, J.                                 JUDGE
CONCUR.

                                          _____
                                                    JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions. Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.