[Cite as *State v. Irons*, 2022-Ohio-2177.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                                  Court of Appeals No. WD-21-073

     Appellee                                             Trial Court No.  2015CR0003

v.

Andrew Irons                                            **DECISION AND JUDGMENT**

     Appellant                                            Decided:  June 24, 2022

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, and
David T. Harold, Assistant Prosecuting Attorney, for appellee.

Dan M. Weiss, for appellant.

* * * * *

**DUHART, J.**

{¶ 1} Appellant, Andrew Irons, appeals from a judgment entered by the Wood

County Common Pleas Court, revoking appellant's term of community control and

sentencing him to prison. For the reasons that follow, we affirm the judgment of the trial court.

## Statement of the Case and Facts

{¶ 2} On January 8, 2015, appellant was indicted on a three-count indictment: 1) Count one charged him with illegal manufacture of drugs, in violation of R.C. 2925.04(A) and (C)(2), a felony of the second degree, with a specification for forfeiture of money in a drug case; 2) Count two charged him with aggravated possession of drugs, in violation of R.C. 2925.11(A) and (C)(1)(a), a felony of the fifth degree; and 3) Count three charged him with trafficking in marihuana, R.C. 2925.03 (A)(2) and (C)(3)(a), a felony of the fifth degree, with a specification for forfeiture of a gun in a drug case.

{¶ 3} On July 10, 2015, the trial court, found that appellant met the qualifications for intervention in lieu of conviction under R.C. 2951.041 and placed appellant under the control and supervision of the Wood County Adult Probation Department for a period of one year.

{¶ 4} Less than a year later, on June 30, 2016, appellant stipulated to a violation of the terms of his intervention in lieu of conviction. As a result, the trial court extended appellant's intervention in lieu of conviction for another year.

{¶ 5} On April 3, 2017, a second petition for intervention in lieu of conviction violation was filed. Appellant failed to appear for the hearing that was scheduled in the matter, and on April 18, 2017, a warrant was issued for his arrest. Appellant was finally

2.

arrested on or about March 3, 2018, and, days later, he admitted to the second violation. The trial court found him guilty of Count two of the indictment, aggravated possession of drugs, and Count three of the indictment, trafficking in marihuana, with a gun specification. On April 25, 2018, the trial court sentenced appellant to three years of community control.

{¶ 6} On January 3, 2020, the Wood County Adult Probation Department issued an order for appellant's arrest, and on January 6, 2020, the Wood County Prosecutor's Office filed a petition for revocation of community control. Appellant was arrested on the related warrant on November 24, 2000. Before the hearing on that matter, another petition for revocation of community control was filed, on December 14, 2020. Appellant admitted to the alleged violation, and the trial court sentenced appellant to serve 90 days in the Wood County justice center and, further, extended the term of appellant's community control sanctions "for the full term of five (5) years."

{¶ 7} On August 27, 2021, yet another petition for revocation of community control was filed, based upon appellant's admission to testing positive for cocaine on August 25, 2021. Appellant admitted to the community control violation and was subsequently sentenced to serve 6 months in prison for the aggravated possession of drugs charge, as well as 291 days in prison for the trafficking in marihuana charge. The sentences were ordered to be served consecutively. However, appellant was given 291 days of credit for time served.

3.

## Assignment of Error

{¶ 8} Appellant asserts the following assignment of error on appeal:

> I. Appellant did not knowingly, voluntarily, and intelligently admit to the community control violations.

## Analysis

{¶ 9} Appellant claims that he did not knowingly, voluntarily, and intelligently admit to the community control violations, because he was not "apprised of the grounds on which the action is proposed," pursuant to Crim.R. 32.3(A).

{¶ 10} The minimum due process requirements for revocation of community control sanctions include:

> 1) written notice of the claimed violations; 2) disclosure of evidence against him; 3) opportunity to be heard and to present witnesses and documentary evidence; 4) the right to confront and cross-examine adverse witnesses; 5) a "neutral and detached" hearing body; and 6) a written statement by the factfinder of the evidence relied upon and reasons for revocation.

*State v. Davis*, 8th Dist. Cuyahoga No. 93959, 2010-Ohio-5126, ¶ 26, citing *Gagnon v. Scarpelli*, 411 U.S. 778, 786, 93 S.Ct. 1756, 36 L.Ed.2d 656.

{¶ 11} Because a community control revocation hearing is not a criminal proceeding, the state is not required to prove beyond a reasonable doubt that a violation of the terms of community control occurred. *State v. Blankenship*, 3d Dist. Crawford No.

4.

3-21-20, 2022-Ohio-1808, ¶ 15.  Rather, the state must show substantial evidence that the offender violated the terms of his or her community control sanctions.  *Id.*

{¶ 12} Crim. R. 32.3 provides the procedural framework for the community control revocation hearing.  *State v. Lammie*, 3d Dist. Crawford No. 3-21-12, ¶ 17. Crim.R. 32 states, in its pertinent parts:

> (A) Hearing.  The court shall not impose a prison term for violation
> of the conditions of a community control sanction or revoke probation
> except after a hearing at which the defendant shall be present and apprised
> of the grounds on which action is proposed. * * *

> (B) Counsel.  The defendant shall have the right to be represented by
> retained counsel and shall be so advised. * * *

"When reviewing a record to determine if the due process requirements were met for a community control revocation hearing, 'the relevant consideration is not whether the record proves that [a defendant] understood the rights he [is] waiving; it is whether the record in some way indicates that he did not understand the rights he [is] waiving.'" *State v. Zeger*, 3d Dist. Crawford No. 3-21-14, 2022-Ohio-1202, ¶ 5, citing *State v. Grow*, 3d Dist. Logan Nos. 8-20-27, 8-20-28, and 8-20-29, 2021-Ohio-641, ¶ 12.

{¶ 13} As indicated above, appellant's sole complaint on appeal is that he was not "fully apprised by the Court of the community control violation[]."  In support of this

5.

claim, appellant points to the following exchange that took place at the community control violation hearing:

THE COURT: The matter is set for community control violation hearing. Ms. Ritchie, I will turn it over to you.

MS. RITCHIE: Thank you, Your Honor. Your Honor, my client would make an admission to the violation, waive the hearing, and ask to be heard as to disposition.

THE COURT: All right. May I address your client?

MS. RITCHIE: Yes, you may.

THE COURT: Mr. Irons, did you hear what your attorney said?

THE DEFENDANT: Yes, I did, Your Honor.

THE COURT: You're going to admit to a violation today?

THE DEFENDANT: Yes, I am.

THE COURT: You understand you have a right to a hearing and you're waiving that right?

THE DEFENDANT: Yes, I do.

THE COURT: The Court will accept the stipulation of violation and waive hearing and find that Mr. Irons violated the terms of his community control.

6.

{¶ 14} In the instant case, the petition for revocation of community control that was filed on August 27, 2021 contained a positive drug test admission statement that appellant signed on August 25, 2021, where he admitted to testing positive for cocaine. The trial court's appearance docket reveals that appellant was personally served with the petition for revocation of his community control, which contained, in addition to appellant's positive drug test admission statement, the condition of community control that specified that he could not use illegal drugs. Thus, appellant had undisputed written notice of the nature of his community control violations. This notice was sufficient to satisfy the requirement in Crim.R. 32.3(A) that he be "apprised of the grounds on which [the] action is proposed." *See Zeger* at ¶ 6 (finding that Zeger was given written notice specifying the basis for the "motion" to revoke his community control and disclosed the evidence against him via the "motion" to revoke his community control.)

{¶ 15} Further, despite the fact that the trial court did not reaffirm for appellant the nature of the community control violation that he was admitting to at his violation hearing, the record is void of any evidence that appellant failed to understand the rights he waived when he readily admitted to his community control violation. Therefore, we conclude that the community control violation hearing comported with the requirements of due process and Crim.R. 32.3. Appellant's sole assignment of error is found not well-taken.

7.

**{¶ 16}** The judgment of the Wood County Common Pleas Court is affirmed.

Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

                                                        Judgment affirmed.


          A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Thomas J. Osowik, J.                    _____
                                                        JUDGE

Gene A. Zmuda, J.

                                        _____
Myron C. Duhart, P.J.                              JUDGE
CONCUR.

                                        _____
                                                        JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.