[Cite as *State v. Whitfield*, 2024-Ohio-187.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                    Court of Appeals No.  L-23-1099

    Appellee                                 Trial Court No.  CR0202102966

v.

Mitchell Whitfield                           **DECISION AND JUDGMENT**

    Appellant                                Decided:  January 19, 2024

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Kaitlyn Tauber, Assistant Prosecuting Attorney, for appellee.

Samuel E. Gold, for appellant.

* * * * *

**SULEK, J.**

{¶ 1} Appellant, Mitchell Whitfield, appeals the Lucas County Court of Common

Pleas' April 13, 2023 judgment entry revoking his community control and sentencing

him to 24 months of imprisonment following his admission to a community control

violation.  Finding no abuse of the trial court's discretion, the judgment is affirmed.

# I. Facts and Procedural History

{¶ 2} A jury convicted Whitfield of possession of cocaine, a fifth-degree felony, and tampering with evidence, a third-degree felony. On October 7, 2022, he was sentenced to four years of community control with the following conditions:

[It] be monitored by the Lucas County Adult Probation Department specifically to include: 1) Pursuant to R.C. 2901.07, defendant ordered to submit to DNA testing; 2) Defendant to successfully complete the Day Reporting program; 3) Defendant to submit to random drug testing including urinalysis, blood testing, or drug patch to be determined by the Centralized Drug Testing Unit pursuant to policy; 4) Defendant to seek and maintain gainful verifiable employment; 5) Defendant must abide by the laws of this state and this nation and may not leave the State of Ohio without permission of this Court and/or his/her supervising probation officer; 6) Defendant committed to the Lucas County Work Release Program with no violations for 180 days. Defendant has two weeks to find a job, if no job balance of time to be served at CCNO. There is to be strict compliance.

{¶ 3} The court notified Whitfield that if he violated the terms of his community control it would "lead to a longer or more restrictive sanction for defendant, including a prison term of 12 months as to count 1 and 36 months as to count 2." On direct appeal,

2.

this court affirmed Whitfield's convictions. *See State v. Whitfield*, 6th Dist. Lucas No. L-22-1259, 2023-Ohio-4579.

{¶ 4} On November 9, and December 27, 2022, Whitfield filed pro se motions in the trial court requesting that the court modify the terms of his community control. Specifically, Whitfield requested release from electronic monitoring and lessening of the reporting conditions. The state opposed the motion. On January 31, 2023, the trial court denied the motion.

{¶ 5} On February 21, 2023, the trial court ordered that a capias be issued "[p]ursuant to the request of Electronic Monitoring." Following his arrest, Whitfield waived a hearing and admitted to a community control violation. The court then imposed a 24-month prison sentence.

{¶ 6} This appeal followed.

## II. Assignment of Error

{¶ 7} Whitfield raises the following assignment of error:

I. The Trial Court abused its discretion by revoking Appellant's community control and imposing 36 months incarceration.[1]

---

[1] Whitfield was sentenced to a 24-month, not 36-month, prison sentence.

3.

## III. Analysis

{¶ 8} Whitfield's sole argument is that the trial court erred in revoking his community control and imposing a prison term. The state asserts that the sentence was proper because Whitfield provided no reasonable explanation for his noncompliance with community control conditions.

{¶ 9} "'The right to continue on community control depends on a defendant's compliance with community control conditions[.]'" *State v. Bahnsen*, 6th Dist. Erie No. E-21-004, 2021-Ohio-3057, ¶ 10, quoting *State v. Schreiber*, 12th Dist. Warren No. CA2018-03-026, 2019-Ohio-2963, ¶ 18. Under R.C. 2929.15(B)(1) and (3), if an offender violates the conditions of a community-control sanction or violates a law, the court may impose a longer period of community control, a more restrictive community-control sanction, or a prison term within the range available for the underlying offense up to the maximum term specified at the original sentencing hearing. *Bahnsen* at ¶ 12, citing *State v. Calhoun,* 6th Dist. Wood No. WD-17-067, 2019-Ohio-228, ¶ 18. A trial court holds a "great deal of discretion" to fashion a sentence after finding that an offender has violated the conditions of community control. *Id*., citing *Calhoun* at ¶ 18.

{¶ 10} On appeal, a trial court's decision to revoke a community control sanction is reviewed under an abuse-of-discretion standard. *State v. Foley*, 6th Dist. Wood No. WD-21-005, 2021-Ohio-3263, ¶ 19, citing *Calhoun* at ¶ 17. An abuse of discretion

connotes that the trial court's attitude is unreasonable, arbitrary, or unconscionable. *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).

{¶ 11} Here, Whitfield admitted violating the conditions of his community control. Specifically, that "[he was] terminated from day reporting for unexcused absences and [he] failed to submit urinalysis pursuant to the probation department's policy." At sentencing, Whitfield stated that his job commitments prevented his regular attendance at the day reporting program and compliance with the drug testing requirements. He stated: "I'm just asking to be worked with for my lifestyle so I can be successful." The trial court then reminded Whitfield that his community control (in lieu of a prison) sentence was premised on "strict compliance." The court noted Whitfield's 4 prior felonies and 29 misdemeanors. It then properly imposed a prison sentence within the statutory range of which Whitfield was informed at his original sentencing.

{¶ 12} Upon review, the trial court did not abuse its discretion in revoking Whitfield's community control and imposing a prison sentence. Whitfield's first assignment of error is not well-taken.

### IV. Conclusion

{¶ 13} For the foregoing reasons, the judgment of the Lucas County Court of Common Pleas is affirmed. Pursuant to App.R. 24, Whitfield is ordered to pay the costs of this appeal.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Gene A. Zmuda, J.

Myron C. Duhart, J.

Charles E. Sulek, P.J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE


This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.