[Cite as *State v. Keel*, 2024-Ohio-5423.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                          Court of Appeals No.  WD-23-068

      Appellee                                      Trial Court No. 2022 CR 0171

v.

Brandon Keel                                          **DECISION AND JUDGMENT**

      Appellant                                     Decided:  November 15, 2024

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, and
David T. Harold, Chief Assistant Prosecuting Attorney, for appellee.

Michael H. Stahl, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal of a December 1, 2023 judgment of the Wood County

Court of Common Pleas, finding that appellant violated the terms of community control.

The violations resulted from appellant's unsuccessful termination from the SEARCH

program following his arrest on federal felony charges, and his failure to notify his

probation officer of the arrest within three days, as required by the terms of community control.  For the reasons set forth below, this court affirms the judgment of the trial court.

{¶ 2} Appellant, Brandon Keel, sets forth the following sole assignment of error:

"I.  The trial court's finding of a community control violation was against the manifest weight of the evidence."

{¶ 3} The following undisputed facts are relevant to this appeal.  On May 19, 2022, appellant was indicted on one count of theft, in violation of R.C. 2913.02(A)(1), a felony of the fifth degree, and one count of grand theft of a motor vehicle, in violation of R.C. 2913.02(A)(1), a felony of the fourth degree.

{¶ 4} On June 13, 2022, appellant requested, and was granted, intervention in lieu of conviction.  Appellant subsequently committed five violations of the terms of the intervention in lieu program, occurring in September, 2022, October, 2022, April, 2023, May, 2023, and June, 2023, respectively.  On July 11, 2023, as a result of the violations, appellant was terminated from the intervention in lieu program, placed on community control, and ordered to successfully complete the SEARCH program.

{¶ 5} On August 24, 2023, appellee filed a petition for revocation of appellant's community control in response to violations of the terms of community control.  Specifically, on August 18, 2023, appellant was arrested by federal marshals on federal felony charges.  In conjunction, appellant did not notify his probation officer of the arrest

until August 24, 2023, after the expiration of the three-day notification of arrest deadline mandated by the terms of community control.

{¶ 6} On November 28, 2023, the trial court conducted a violation hearing regarding these events. Both parties stipulated at the hearing that appellant was unsuccessfully terminated from the SEARCH program as a result of appellant's arrest by federal authorities on federal felony charges. Both parties also stipulated that appellant did not notify his probation officer of the August 18, 2023 arrest until August 24, 2023, after the expiration of the deadline mandated by the terms of community control.

{¶ 7} On December 1, 2023, the trial court found that appellant had violated the terms of community control on the basis of the above-discussed events. Appellant was ordered to continue on community control, to reenter the SEARCH program, and to successfully complete the SEARCH program. The trial court held, in relevant part,

> In the case at bar the SEARCH program unsuccessfully terminated [appellant] from the program [based upon appellant's arrest], such termination violated the special conditions of probation established on July 11, 2023 requiring successful completion of the program, and therefore it is appropriate for this court to find [it to be a] violation of probation * * * The only communication by [appellant] regarding his arrest by federal authorities was communicated to the probation officer on August 24, 2023, six (6) days after the actual arrest * * * [B]ecause this notification was

3.

outside the required three (3) days [appellant] was in violation of the general conditions of probation.

{¶ 8} This appeal ensued.

{¶ 9} In the sole assignment of error, appellant contends that the trial court erred in finding that appellant committed community control violations. We do not concur.

{¶ 10} It is well-established that the abuse of discretion standard of review applies to appellate review of disputed community control violations. As this court recently held in *State v. Whitfield*, 2024-Ohio-187, ¶ 10 (6th Dist.),

> On appeal, a trial court's decision to revoke a community control sanction is reviewed under an abuse of discretion standard. *State v. Foley*, 6th Dist. Wood No. WD-21-005, 2021-Ohio-3263, ¶ 19, citing *Calhoun* at ¶ 17. An abuse of discretion connotes that the trial court's attitude is unreasonable, arbitrary, or unconscionable. *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).

{¶ 11} In conjunction with the above, as set forth in *State v. Farris*, 2022-Ohio-3584, ¶ 21 (6th Dist.),

> *[T]he determination of a violation is not a criminal trial requiring proof of a community control violation beyond a reasonable doubt*. *State v. Irons*, 6th Dist. Wood No. WD-21-073, 2022-Ohio-2177, ¶ 11, citing *State v. Blankenship*, 3d Dist. Crawford No. 3-21-20, 2022-Ohio-1808, ¶ 15.

4.

Instead, *the state need only show substantial evidence of violation of the terms of the community control sanction. Id.*; see also *State v. Clark*, 6th Dist. Wood No. WD-12-073, 2013-Ohio-4831, ¶ 15. *Substantial evidence is considered to consist of more than a mere scintilla of evidence, but somewhat less than a preponderance. State v. Ohly*, 166 Ohio App.3d 808, 2006-Ohio-2353, 853 N.E.2d 675, ¶ 18 (6th Dist.). *In reviewing the trial court's judgment, we will not reverse a decision * * * absent a showing of an abuse of discretion. Ohly* at ¶ 19. (Emphasis added).

{¶ 12} Appellant argues on appeal, without evidentiary support, that he should not have been found to be in violation of the terms of community control because his unsuccessful termination from the SEARCH program was not triggered by violations of the rules of the program itself, but by his arrest on separate violations of law. Appellant further argues, likewise without evidentiary support, that messages left for his probation officer by his mother and by his counsel, neither of which disclosed appellant's arrest, should be construed to constitute substantial compliance with the three-day notification of arrest requirement mandated by the terms of community control.

{¶ 13} Appellant specifically argues, in relevant part, "[I]t is reasonable to suggest that the situation required some action on [appellant's] part. He took that action. He called his lawyer * * * who then did, in fact, contact the probation department on the next business day [without disclosing appellant's arrest]."

5.

{¶ 14} In applying the above-quoted, governing legal framework to the facts and circumstances of this case, the record shows that the fundamental facts constituting the underlying community control violations are undisputed. The record shows that the parties stipulated to the fact that appellant was unsuccessfully terminated from the SEARCH program based upon appellant's arrest on federal felony charges. The parties likewise stipulated that, although appellant's mother and counsel both left messages for appellant's probation officer within the three-day period after his arrest, neither message disclosed appellant's arrest, so as to arguably constitute substantial compliance with the notification of arrest requirement. Appellant did not notify his probation officer of his arrest until August 24, 2023, three days after the expiration of the notification of arrest deadline mandated by the terms of community control.

{¶ 15} We find that the record clearly shows that the trial court was presented with substantial, undisputed evidence that appellant had both been unsuccessfully terminated from the SEARCH program, and that appellant failed to notify his probation officer of his arrest by the required notification deadline, all in violation of the terms of community control.

{¶ 16} Thus, in accord with *Farris*, the record shows the requisite substantial evidence in support of the trial court's determination that appellant violated the terms of community control and, therefore, the determination was not unreasonable, arbitrary, or unconscionable.

**{¶ 17}** On consideration whereof, the judgment of the Wood County Court of Common Pleas is hereby affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.

Christine E. Mayle, J.

Charles E. Sulek, P.J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.

7.