[Cite as *State v. Grow*, 2021-Ohio-641.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## LOGAN COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,              CASE NO. 8-20-27

      v.

LACEY B. GROW,                       O P I N I O N

      DEFENDANT-APPELLANT.

---

STATE OF OHIO,

      PLAINTIFF-APPELLEE,              CASE NO. 8-20-28

      v.

LACEY B. GROW,                       O P I N I O N

      DEFENDANT-APPELLANT.

---

STATE OF OHIO,

      PLAINTIFF-APPELLEE,              CASE NO. 8-20-29

      v.

LACEY B. GROW,                       O P I N I O N

      DEFENDANT-APPELLANT.

**Appeals from Logan County Common Pleas Court**
**Trial Court Nos. CR 16 01 0015, CR 16 03 0078 and CR 17 07 0237**

**Judgments Affirmed**

**Date of Decision:  March 8, 2021**

**APPEARANCES:**

   *Samantha L. Berkhofer*  **for Appellant**

   *Sara J. Warren* **for Appellee**

**ZIMMERMAN, J.**

   **{¶1}** Defendant-appellant, Lacey B. Grow ("Grow"), appeals the June 2, 2020 judgment entries of the Logan County Court of Common Pleas revoking her community control and imposing prison sentences.  For the reasons that follow, we affirm.

   **{¶2}** The facts relevant to this appeal are as follows.  On May 11, 2020, the State filed a motion requesting that the trial court revoke Grow's community control in case numbers CR16-01-0015, CR16-03-0078, and CR17-07-0237 after Grow violated the terms and conditions of her community control.  (Case No. CR16-01-

0015, Doc. No. 100); (Case No. CR16-03-0078, Doc. No. 82); (Case No. CR17-07-0237, Doc. No. 56). It was alleged that Grow violated the condition of her community control requiring her to "obey federal, state and local laws and ordinances, including those related to illegal drug use" by possessing a "drug abuse instrument" and using "opiates/fentanyl" and "cocaine" on April 1, 2020; by possessing "drug abuse instruments" on April 23, 2020; and by operating a motor vehicle while under the influence of alcohol or drugs of abuse ("OVI") in Bellefontaine, Ohio *and* in Miami County, Ohio on April 23, 2020. (*Id.*); (*Id.*); (*Id.*).

{¶3} After her preliminary-revocation hearing on May 21, 2020, the cases proceeded to a final-revocation hearing on June 2, 2020 during which the trial court concluded that Grow violated the terms and conditions of her community control after Grow admitted that she violated the terms and conditions of her community control. (Case No. CR16-01-0015, Doc. Nos. 104, 107); (Case No. CR16-03-0078, Doc. Nos. 86, 89); (Case No. CR17-07-0237, Doc. Nos. 62, 67). At the final-revocation hearing, the State recited the evidence against Grow. (*See* June 2, 2020 Tr. at 3-4). Accordingly, the trial court revoked Grow's community control and sentenced her to 12 months in prison in case number CR16-01-0015, 12 months in prison in case number CR16-03-0078, and 12 months in prison in case number CR17-07-0237. (Case No. CR16-01-0015, Doc. No. 107); (Case No. CR16-03-0078, Doc. No. 89). The trial court ordered that Grow serve the prison term imposed

in case number CR16-01-0015 concurrent to the prison term imposed in case number CR16-03-007. (*Id.*); (*Id.*). The trial court further ordered that Grow serve the concurrent prison terms imposed in case numbers CR16-01-0015 and CR16-03-0078 consecutively to the prison term imposed in case number CR17-07-0237, for an aggregate sentence of 24 months in prison. (Case No. CR17-07-0237, Doc. No. 67).

{¶4} Grow filed her notices of appeal on June 22, 2020 in case numbers CR16-01-0015, CR16-03-0078, and CR17-07-0237, which were consolidated for purposes of appeal. (Case No. CR16-01-0015, Doc. No. 115); (Case No. CR16-03-0078, Doc. No. 97); (Case No. CR17-07-0237, Doc. No. 76). She raises one assignment of error for our review.

## Assignment of Error

**Whether the Trial Court breached their duty by sentencing the defendant to [sic] a community control sanction without the defendant first admitting to the violation or being found in violation by hearing.**

{¶5} In her sole assignment of error, Grow argues that the trial court abused its discretion by revoking her community control. Specifically, Grow argues that the trial court erred by concluding that she violated the terms and conditions of her community control because she did not knowingly, intelligently, or voluntarily admit to violating the terms and conditions of her community control and because

the trial court failed to "conduct a hearing on the merits prior to sentencing [her] to a prison sentence for violations of community control."[1] (Appellant's Brief at 10).

*Standard of Review*

{¶6} The decision of a trial court finding a community-control violation will not be disturbed absent an abuse of discretion. *State v. McKeithen*, 3d Dist. Marion No. 9-08-29, 2009-Ohio-84, ¶ 7, citing *State v. Ryan*, 3d Dist. Auglaize No. 14-06-55, 2007-Ohio-4743, ¶ 7. An abuse of discretion suggests that a decision is unreasonable, arbitrary, or unconscionable. *State v. Adams*, 62 Ohio St.2d 151, 157-158 (1980).

*Analysis*

{¶7} "A defendant under community control is entitled to both a preliminary and a final revocation hearing." *State v. Knerr*, 3d Dist. Auglaize Nos. 2-14-03 and 2-14-04, 2014-Ohio-3988, ¶ 14, quoting *State v. Kiser*, 5th Dist. Tuscarawas, No.2008 AP 030014, 2009-Ohio-1337, ¶ 12, citing *Gagnon v. Scarpelli*, 411 U.S. 778, 782, 93 S.Ct. 1756 (1973). The purpose of the preliminary hearing is to determine if probable cause exists that the defendant violated the terms of his probation or community control. *Id.*, citing *State v. Delaney*, 11 Ohio St.3d 231, 233 (1984). "The purpose of the final revocation hearing is to give the defendant

---

[1] In the body of her assignment of error, Grow argues that her trial counsel "failed to adequately represent her during her probation violations * * * ." (Appellant's Brief at 9). Because Grow did not separately assign this issue as error, we will not address it. *See State v. Glasser*, 4th Dist. Athens No. 11CA11, 2012-Ohio-3265, ¶ 23, citing App.R. 12(A)(2) and 16(A)(7).

'an opportunity to be heard and to show' that he either did not violate his conditions or that certain mitigating circumstances 'suggest that the violation does not warrant revocation.'" *Id.*, quoting *Morrissey v. Brewer*, 408 U.S. 471, 488, 92 S.Ct. 2593 (1972).

{¶8} "This Court has held that although a revocation proceeding must comport with the requirements of due process, it is not a criminal proceeding." *McKeithen* at ¶ 22, citing *Ryan* at ¶ 8, citing *Gagnon* at 782. "Therefore, the minimum due process requirements afforded a defendant in a probation revocation proceeding differ from those in a criminal trial." *Id.* The minimum due-process requirements for revocation hearings are:

> (a) Written notice of the claimed violations; (b) disclosure of evidence against him or her; (c) the opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses; (e) a neutral and detached hearing body; and (f) a written statement by the fact finders as to the evidence relied on and reasons for revocation.

*Id.*, quoting *State v. Miller*, 42 Ohio St.2d 102, 104 (1975), quoting *Morrissey* at 489.

{¶9} Since a community-control-revocation hearing is not a criminal proceeding, "the State is not required to prove a violation of the terms of community control beyond a reasonable doubt." *Id.* at ¶ 6, citing *Ryan* at ¶ 7. "The State must, instead, show 'substantial' evidence that the offender violated the terms of his community control sanctions." *Id.*

Case Nos. 8-20-27, 8-20-28, 8-20-29

{¶10} On appeal, Grow argues that the trial court erred by concluding that she violated the terms and conditions of her community control because she did not knowingly, intelligently, or voluntarily admit to the violations. Specifically, Grow contends that "[a] review of the transcripts reveals that indeed [she] did not admit to any violation prior to being sentencing [sic] in the probation violation hearing." (Appellant's Brief at 9). "'As a general matter, an unknowing waiver of a defendant's right in a revocation hearing to present evidence and confront his accusers is invalid.'" *State v. Patton*, 8th Dist. Cuyahoga No. 103737, 2016-Ohio-4867, ¶ 11, quoting *State v. Armstrong*, 56 Ohio App.3d 105, 107 (8th Dist.1988). However, because a community-control-revocation hearing is not a criminal trial, "'[a] defendant faced with revocation of probation or parole is not afforded the full panoply of rights given to a defendant in a criminal prosecution' and 'the requirements of Crim.R. 11(C)(2) do not apply to a community-control-violation hearing.'" *Id.*, quoting *State v. Parsons*, 4th Dist. Athens No. 09CA4, 2009-Ohio-7068, ¶ 11.

{¶11} Instead, Crim.R. 32.3 applies to community-control revocation hearings. *State v. Orr*, 11th Dist. Geauga No. 2008-G-2861, 2009-Ohio-5515, ¶ 22. That rule provides, in relevant part,

> (A) Hearing. The court shall not impose a prison term for violation of the conditions of a community control sanction or revoke probation except after a hearing at which the defendant shall be present and apprised of the grounds on which action is proposed. * * *

-7-

> (B) Counsel. The defendant shall have the right to be represented by retained counsel and shall be so advised.

Crim.R. 32.3(A), (B).

{¶12} Based on our review of the record, we conclude that the requirements of Crim.R. 32.3 were satisfied. Indeed, the record reveals that Grow was apprised of the grounds on which the revocation of her community control was proposed and given the opportunity for the hearing at which she (represented by trial counsel) indicated that she intended to enter an admission to the allegations. *See State v. Malone*, 6th Dist. Lucas No. L-03-1299, 2004-Ohio-5246, ¶ 18. *See also State v. Brown*, 3d Dist. Logan No. 8-14-04, 2015-Ohio-468, ¶ 16. Specifically, at a community-control-revocation hearing, "the relevant consideration is not whether the record proves that [a defendant] understood the rights he [is] waiving; it is whether the record in some way indicates that he did not understand the rights he [is] waiving." *Id.* at ¶ 12. "Generally, without affirmative evidence in the record indicating otherwise, we presume regularity in trial court proceedings." *Id.*, citing *State v. Raber*, 134 Ohio St.3d 350, 2012-Ohio-5636, ¶ 19.

{¶13} Presuming regularity in this instance would require us to presume that the trial court and the parties would *not* have proceeded past the evidentiary phase of the proceedings *without* Grow indicating her willingness to admit to violating the terms and conditions of her community control. *See id.* That is, the record reveals

that Grow submitted a letter to the trial court in which she accepted responsibility for her conduct as well as an exchange between Grow and the trial court in which Grow expressed remorse for her actions and a desire to receive treatment. (*See* June 2, 2020 Tr. at 5-7). In other words, Grow did not dispute her probation officer's recitation of the conduct of which she was alleged to have committed in violation of the terms and conditions of her community control. *See Patton* at ¶ 13 (noting that "[t]he record shows that Patton was able to confront his probation officer during the hearing" but that Patton failed to demonstrate "what evidence or witnesses he might have proffered to combat the allegations against him").

{¶14} Furthermore, the record reveals that Grow was familiar with the community-control-revocation process since she had been subject to the revocation of her community control on two previous occasions in these cases, and, as such, Grow was aware of the effects of waiving the hearing and admitting to the violations. *Compare State v. Dye*, 4th Dist. Athens No. 16CA17, 2017-Ohio-9389, ¶ 19 ("The record also reveals [Dye] was familiar with the revocation process, having previously been through the community control revocation process"), citing *State v. Orr*, 11th Dist. Geauga No. 2008-G-2861, 2009-Ohio-5515, ¶ 43 (noting that because "Orr was familiar with community-control-revocation hearings," he "fully understood the effects of waiving the hearing and admitting to the violations").

**{¶15}** Therefore, we conclude that the community-control-revocation hearing comported with the requirements of due process and Crim.R. 32.3. Accordingly, we conclude that the trial court did not abuse its discretion by revoking Grow's community control and overrule her assignment of error.

**{¶16}** Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgments of the trial court.

***Judgments Affirmed***

**WILLAMOWSKI, P.J. and SHAW, J., concur.**

**/jlr**