[Cite as *State v. Zeger*, 2022-Ohio-1202.]


# IN THE COURT OF APPEALS OF OHIO
# THIRD APPELLATE DISTRICT
# CRAWFORD COUNTY


**STATE OF OHIO,**

    **PLAINTIFF-APPELLEE,**

    **CASE NO. 3-21-14**

**v,**

**CODY JACOB ZEGER,**

    **O P I N I O N**

    **DEFENDANT-APPELLANT.**


**Appeal from Crawford County Common Pleas Court**
**Trial Court No. 21-CR-0114**

**Judgment Affirmed**

**Date of Decision:  April 11, 2022**


**APPEARANCES:**

    *Howard A. Elliott* **for Appellant**

    *Daniel J. Stanley* **for Appellee**

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant Cody Zeger ("Zeger") brings this appeal from the judgment of the Court of Common Pleas of Crawford County revoking Zeger's community control and sentencing him to eight months in prison. On appeal, Zeger claims that the trial court erred in revoking his community control and in failing to explain the rights Zeger was waiving by admitting to the violations. For the reasons set forth below, the judgment is affirmed.

{¶2} On May 10, 2021, Zeger entered a plea of guilty to one count of domestic violence in violation of R.C. 2919.25(A),(D)(3), a felony of the fourth degree. Doc. 14. The trial court sentenced Zeger to five years of community control and advised Zeger that if he failed to successfully complete community control, he was subject to a prison sentence of 18 months. Doc. 15.

{¶3} On August 4, 2021, Chris Heydinger ("Heydinger"), a Crawford County Probation Officer, filed a "motion" to revoke Zeger's community control. Doc. 17. The "motion" alleged that Zeger tested positive for amphetamines, marijuana, and methamphetamines on May 11 and August 3, 2021, and that Zeger admitted to his drug usage. Doc. 17. Zeger also tested positive for consumption of alcohol on those same dates and admitted to the consumption. Doc. 17. Heydinger alleged that the usage of drugs and alcohol violated rules 7 and 13 of Zeger's community control sanctions. Doc. 17. A hearing was held on September 8, 2021, at which Zeger admitted the violations and the trial court found him to have violated

the terms of his community control. Doc. 21. The trial court then revoked Zeger's community control and sentenced him to eight months in prison with 40 days of jail time credit granted. Doc. 21. Zeger appealed from this judgment. Doc. 23. On appeal, Zeger raises the following assignments of error.

### First Assignment of Error

**The trial court acts improperly when [it] uses an unconfirmed positive drug screen to [sic] as a basis of finding of a community control violation, and in doing so it must be reversed.**

### Second Assignment of Error

**The trial court's finding of a criminal community control violation based upon the sole testimony of the supervising officer and an unconfirmed positive drug screen is not supported by the sufficiency of the evidence and must be set [sic] vacated.**

### Third Assignment of Error

**Where the trial court fails to adequately explain to the defendant the rights being surrendered by waiving a full hearing on an alleged community control violation and relies upon hearsay to establish the violation[,] a knowing, intelligent, and voluntary waiver of the right to hearing has not taken place and the Court finding of a community control violation must be set aside.**

In the interest of clarity, we will address the third assignment of error first.

{¶4} In the third assignment of error, Zeger appears to be arguing that his waiver of a hearing was not voluntary. Zeger bases his argument on the holding of the fourth district in the case of *In re Z.M.W.* 4th Dist. Athens No. 11CA24, 2012-Ohio-1785. However, this case is not applicable because it was a juvenile matter and the appellate court reversed on the grounds that the trial court failed to comply

with Juvenile Rule 29(D). The matter before us is not a juvenile matter and thus the juvenile rules are inapplicable.

{¶5} Before revoking community control, a trial court is required to hold "a hearing at which the defendant shall be present and apprised of the grounds on which action is proposed." Crim.R. 32.3(A). This Court has previously indicated that a defendant is entitled to both a preliminary and a final revocation hearing. *State v. Knerr*, 3d Dist. Auglaize Nos. 2-14-03 and 2-14-04, 2014-Ohio-3988, ¶ 14. Although a revocation hearing must comply with due process requirements, it is not a criminal proceeding. *State v. Grow*, 3d Dist. Logan Nos. 8-20-27, 8-20-28, and 8-20-29, 2021-Ohio-641, ¶ 8. The due process requirements for a revocation hearing are 1) written notice of the claimed violations, 2) disclosure of evidence against him, 3) an opportunity to be heard and to present evidence, 4) the right to confront and cross-examine adverse witnesses, 5) a neutral and detached hearing body, and 6) a written statement by the fact finders setting forth the evidence relied on and the reasons for the revocation. *Id.* Additionally, a defendant in a community control violation hearing is not entitled to all of the same rights as a defendant in a criminal prosecution and the requirements of Criminal Rule 11(C)(2) do not apply. *Id.* at ¶ 10. Instead, the requirements for a community control revocation hearing are set by Criminal Rule 32.3. *Id.* at ¶ 11. This rule requires in pertinent part 1) that the court hold a hearing at which the defendant was present and was informed of the grounds for the alleged violations and 2) that the defendant has the right to counsel.

Crim.R. 32.3(A),(B). When reviewing a record to determine if the due process requirements were met for a community control revocation hearing, "the relevant consideration is not whether the record proves that [a defendant] understood the rights he [is] waiving; it is whether the record in some way indicates that he did not understand the rights he [is] waiving." *Grow, supra* at ¶ 12.

{¶6} In this case, Zeger was given written notice specifying the basis for the "motion" to revoke his community control and disclosed the evidence against him via the "motion" to revoke his community control. An initial hearing was conducted on August 4, 2021, at which the trial court found there was probable cause to proceed to a final-revocation hearing. Doc. 19. Zeger was represented by counsel at this hearing and a denial was entered on his behalf. Doc. 19. The final hearing was held on September 8, 2021, at which Heydinger recited the evidence against Zeger. Tr. 3-4. Zeger was present and represented by counsel at this hearing. The trial court advised Zeger as to the potential sentence if the community control was revoked. Tr. 5. The trial court then personally addressed Zeger and asked if he admitted to the allegations and if he admitted to violating the terms of his community control. Tr. 5. Both times, Zeger responded that he wished to make the admissions. Tr. 5. Additionally, Zeger was provided with a written statement of the alleged violations and disclosure of the evidence against him prior to the trial, was given the opportunity to be heard and present witnesses, the right to question the statements by Heydinger, the trial judge appeared neutral at the hearing (even

imposing a sentence lower than that requested by the State), and the trial court's judgment entry set forth the basis for his finding that a violation occurred (the admission by Zeger). Since all of the due process requirements were satisfied, the third assignment of error is overruled.

{¶7} Zeger's first assignment of error challenges the testimony of Heydinger that Zeger failed two drug screens because there was no evidence of reliability of the test. This assignment of error ignores the fact that the reliability of the test was established when Zeger admitted that he had violated terms of his community control. When speaking to the trial court, Zeger admitted the offenses in detail. Tr. 9-12. At no time did Zeger dispute the fact that he had violated the terms of his community control. Although Zeger disputed that he had intentionally used methamphetamines, he admitted to voluntarily using marijuana on at least two occasions. The second instance happened even after he knew that he had previously tested positive for marijuana and methamphetamines. Given the admissions, the trial court did not abuse its discretion in finding that Zeger had violated the terms of his community control. The first assignment of error is overruled.

{¶8} In the second assignment of error, Zeger claims that the trial court's determination that he had violated his community control sanctions was not supported by sufficient evidence. When reviewing whether the evidence was sufficient, the question is whether, viewing the evidence in a light most favorable to the prosecution, a rational trier of fact could have found the elements proven beyond

a reasonable doubt. *State v. Hulbert*, 3d Dist. Van Wert No. 15-19-07, 2021-Ohio-2298, ¶ 5. The State need only show in a community control revocation hearing that there was "substantial" evidence that the offender violated the terms of the community control sanctions. *State v. Sandlin*, 3d Dist. Crawford Nos. 3-21-10, 3-21-11, 2022-Ohio-570, ¶ 16. "Substantial evidence" consists of "more than a mere scintilla [of] evidence, but somewhat less than a preponderance." *Id.* quoting *State v. Herald,* 3d Dist. Defiance No. 4-16-09, 2016-Ohio-7733, ¶ 27. The essential element of whether one violated a term of community control would be to determine whether a defendant's actions were prohibited by the community control sanctions. Here, Zeger admitted that he violated the terms of the community control sanctions. Even if he had not admitted it, the evidence showed that on two separate occasions, Zeger failed drug screens and had alcohol in his system, despite both substances being prohibited by the terms of his community control. Thus, the evidence was sufficient to support the trial court's finding that Zeger violated the terms of his community control. The second assignment of error is overruled.

{¶9} Having found no error prejudicial to appellant in the particulars assigned and argued, the judgment of the Court of Common Pleas of Crawford County is affirmed.

*Judgment Affirmed*

**ZIMMERMAN, P.J. and MILLER, J., concur.**

**/hls**