[Cite as *State v. Blankenship*, 2022-Ohio-1808.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## CRAWFORD COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,               CASE NO. 3-21-20

    v.

RAYMOND S. BLANKENSHIP,          O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Crawford County Common Pleas Court
Trial Court No. 20-CR-0384

**Judgment Affirmed and Cause Remanded**

**Date of Decision: May 31, 2022**

APPEARANCES:

    *Howard A. Elliott* **for Appellant**

    *Daniel J. Stanley* **for Appellee**

**ZIMMERMAN, P.J.**

**{¶1}** Defendant-appellant, Raymond S. Blankenship, ("Blankenship") appeals the October 4, 2021 judgment entry of sentence of the Crawford County Common Pleas Court, General Division, revoking his community control and imposing prison sentences. For the reasons that follow, we affirm and remand with instructions.

**{¶2}** On October 27, 2020, the Crawford County Grand Jury indicted Blankenship on two criminal counts: Count One for domestic violence in violation of R.C. 2919.25(A), a fourth-degree felony and Count Two for possession of controlled substances in violation of R.C. 2925.11(A), (C)(1)(a), a fifth-degree felony (hereafter "2020 case").

**{¶3}** On December 2, 2020, Blankenship entered guilty pleas to both counts contained in the indictment pursuant to a negotiated plea agreement. Importantly, the negotiated plea agreement contained a joint sentencing recommendation, which the trial court followed in its entirety. Specifically, Blankenship was sentenced to 5 years of community control subject to certain conditions. Further, the trial court advised Blankenship that, should he violate the conditions of his community control, a sentence of 18 months on Count One and 12 months on Count Two (for an aggregate total of 30 months in prison) could be imposed.

{¶4} On March 18, 2021, Blankenship's probation officer filed a "motion" in the trial court seeking to revoke Blankenship's community control. However, on April 19, 2021, the community-control violation was dismissed by agreement of the parties pursuant to a judgment entry filed that same day.

{¶5} On July 7, 2021, a second "motion" was filed in the trial court seeking to revoke Blankenship's community control due to his recent indictment for a new domestic-violence offense in Crawford County Common Pleas Court in case number 21-CR-0213 (hereafter "2021 case"). A copy of the "motion" and notice of the preliminary hearing was personally served upon Blankenship by his probation officer. On July 8, 2021, Blankenship appeared personally (with counsel) in the trial court at his preliminary hearing, and the matter was scheduled for a revocation hearing.

{¶6} On September 10, 2021, a third "motion" was filed in the trial court seeking to revoke Blankenship's community control for his alleged violation of community control sanctions. Again, Blankenship was personally served with a copy of this "motion" and notice of the preliminary hearing by his probation officer. On September 13, 2021, Blankenship appeared via live video from the jail (with his court-appointed counsel) for his hearing. He was (again) ordered to have no contact with the victim.

{¶7} On September 30, 2021, Blankenship appeared in the trial court for a jury trial on his 2021 case and for a community-control-revocation hearing in his 2020 case. However, prior to the commencement of the trial, the State agreed to dismiss the revocation "motion" filed on July 7, 2021 in his 2020 case and *nolle prosequi* his new 2021 case in exchange for Blankenship's admission that he violated the no-contact order with the victim and that he used illegal drugs on two different occasions in September 2021.[1] There was no agreement as to sentence. After the trial court inquired as to the agreement of the parties regarding the cases, Blankenship entered an admission to the community-control violations.

{¶8} The trial court then sentenced Blankenship to 10 months in prison on Count One (for domestic violence) and 6 months in prison on Count Two (for possession of controlled substances). The trial court ordered that the prison terms run consecutive for an aggregate total stated prison term of 16 months. The judgment entry was filed on October 4, 2021.

{¶9} Blankenship appeals timely from this judgment and raises two assignments of error for our review that we will review separately. (Doc. No. 44).

**Assignment of Error I**

**Where the trial court fails to adequately explain to the defendant the rights being surrendered by waiving a full hearing on an alleged community control violation and relies upon hearsay to**

---

[1] The parties stipulated that these were non-technical violations. (Sept. 30, 2021 Tr. at 12).

**establish the violation a knowing, intelligent, and voluntary waiver of the right to hearing has not taken place and the Court finding of a community control violation must be set aside.**

{¶10} In his first assignment of error, Blankenship argues that the probation officer relied upon hearsay to establish the community-control violation, and that the trial court erred by failing to advise him of his rights when he entered his admission to the community-control violation.

*Standard of Review*

{¶11} The decision of a trial court finding a community-control violation will not be disturbed absent an abuse of discretion. *State v. McKeithen*, 3d Dist. Marion No. 9-08-29, 2009-Ohio-84, ¶ 7, citing *State v. Ryan*, 3d Dist. Auglaize No. 14-06-55, 2007-Ohio-4743, ¶ 7. An abuse of discretion suggests that a decision is unreasonable, arbitrary, or unconscionable. *State v. Adams*, 62 Ohio St.2d 151, 157-158 (1980).

*Analysis*

{¶12} In his first assignment of error, Blankenship argues that his waiver to a revocation hearing was not voluntary citing *In re Z.M.W.*, 4th Dist. Athens No. 11CA24, 2012-Ohio-1785. Notably, in *In re Z.M.W.*, the Fourth District reversed the trial court because the trial court failed to comply with the requirements of Juv.R. 29(D). However, since the matter before us involves an adult admitting to a community-control violation arising out of a *criminal* case, and not a juvenile,

Juvenile Rule 29(D) is inapplicable to the issues before us on appeal. *State v. Zeger*, 3d Dist. Crawford No. 3-21-14, 2022-Ohio-1202, ¶ 4.

**{¶13}** Revoking community control typically involves a two-step procedure. "'A defendant under community control is entitled to both a preliminary and a final revocation hearing.'" *State v. Knerr*, 3d Dist. Auglaize Nos. 2-14-03 and 2-14-04, 2014-Ohio-3988, ¶ 14, quoting *State v. Kiser*, 5th Dist. Tuscarawas, No. 2008 AP 030014, 2009-Ohio-1337, ¶ 10, citing *Gagnon v. Scarpelli*, 411 U.S. 778, 786, 93 S.Ct. 1756, 1761-1762 (1973). The purpose of the preliminary hearing is to determine if probable cause exists that the defendant violated the terms of his probation or community control. *Id.*, citing *State v. Delaney*, 11 Ohio St.3d 231, 233 (1984). "The purpose of the final revocation hearing is to give the defendant 'an opportunity to be heard and to show' that he either did not violate his conditions or that certain mitigating circumstances 'suggest that the violation does not warrant revocation.'" *Id.*, quoting *Morrissey v. Brewer*, 408 U.S. 471, 488, 92 S.Ct. 2593, 2603 (1972).

**{¶14}** Notably, even though a revocation proceeding must comport with the requirements of due process, we have previously held that it is not a criminal proceeding. *McKeithen* at ¶ 22, citing *Ryan* at ¶ 8, citing *Gagnon* at 781. "Therefore, the minimum due process requirements afforded a defendant in a

probation revocation proceeding differ from those in a criminal trial." *Id.* The minimum due-process requirements for revocation hearings are:

> (a) Written notice of the claimed violations; (b) disclosure of evidence against him or her; (c) the opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses; (e) a neutral and detached hearing body; and (f) a written statement by the fact finders as to the evidence relied on and reasons for revocation.

*Id.*, quoting *State v. Miller*, 42 Ohio St.2d 102, 104 (1975), quoting *Morrissey* at 489.

{¶15} Since a community-control-revocation hearing is not a criminal proceeding, the State is not required to prove beyond a reasonable doubt that a violation of the terms of community control occurred. *Id.* at ¶ 6, citing *Ryan* at ¶ 7. Instead, the State must show substantial evidence that the offender violated the terms of his community control sanctions. *Id.*

{¶16} Community-control-revocation hearings are excepted under the Ohio Rules of Evidence, and hence, fall outside of the scope of those Rules. Evid.R. 101(A), (C)(3). Therefore, the Rules of Evidence do not apply to community-control-revocation hearings. *State v. Kaimachiande*, 3d Dist. Logan No. 8-18-57, 2019-Ohio-1939, ¶ 20, citing, *State v. Newsom*, 4th Dist. Hocking No. 17CA2, 2017-Ohio-7488, ¶ 21 and Evid.R. 101(C)(3). The rationale behind this exception is, given the informality of this type of proceeding, the trier of fact should be able

to consider any reliable and relevant evidence to determine whether the probationer has violated the conditions of his probation. *Columbus v. Bickel*, 77 Ohio App.3d 26, 36-37 (10th Dist.1991). Indeed, hearsay evidence can be permissible in a community-control-revocation hearing, even if it would have been inadmissible in a criminal trial. *Kaimachiande* at ¶ 20 citing *State v. Ohly*, 6th Dist. Erie No. E-05-052, 2006-Ohio-2353, ¶ 21.

{¶17} On appeal, Blankenship argues that the probation officer relied solely upon hearsay to support the allegations in the "motion" at his revocation hearing. To us, it is inconsequential whether the probations officer's allegations were based on hearsay since Blankenship admitted that he violated the terms of his community control. Moreover, Blankenship's admission resulted in his waiver of an evidentiary hearing where he could have tested the reliability of any statements supporting allegations through his right to confrontation and right to cross-examination. *See Zeger*, 2022-Ohio-1202, at ¶ 7; *McKeithen* at ¶ 22; *Miller*, 42 Ohio St.2d at 104; *Morrissey* at 489; *Bickel* at 37.

{¶18} Next, Blankenship asserts that his admission to his community-control violation was not voluntary. "'As a general matter, an unknowing waiver of a defendant's right in a revocation hearing to present evidence and confront his accusers is invalid.'" *State v. Patton*, 8th Dist. Cuyahoga No. 103737, 2016-Ohio-4867, ¶ 11, quoting *State v. Armstrong*, 56 Ohio App.3d 105, 107 (8th Dist.1988).

However, because a community-control-revocation hearing is not a criminal trial, "'[a] defendant faced with revocation of probation or parole is not afforded the full panoply of rights given to a defendant in a criminal prosecution' and 'the requirements of Crim.R. 11(C)(2) do not apply to a community-control-violation hearing.'" *Id.*, quoting *State v. Parsons*, 4th Dist. Athens No. 09CA4, 2009-Ohio-7068, ¶ 11. *See also State v. Brown*, 3d Dist. Logan No. 8-14-04, 2015-Ohio-468, ¶ 13. In its place, Crim.R. 32.3 applies to community-control revocation hearings. *Brown* at ¶ 14; *State v. Orr*, 11th Dist. Geauga No. 2008-G-2861, 2009-Ohio-5515, ¶ 22. Crim.R. 32.3 provides the procedural framework that occurs at such a hearing. *Orr*, *supra*, at ¶ 23. Crim.R. 32.3 states, in its pertinent parts,

> (A)   Hearing. The court shall not impose a prison term for violation of the conditions of a community control sanction or revoke probation except after a hearing at which the defendant shall be present and apprised of the grounds on which action is proposed.
>
> * * *
>
> (B)   Counsel. The defendant shall have the right to be represented by retained counsel and shall be so advised.  * * *.

Crim.R. 32.3(A), (B).

{¶19} Accordingly, we look to the record to determine whether the trial court complied with the requirements of Crim.R. 32.3.  Here, the record reveals that Blankenship was apprised by the trial court of the grounds upon which the revocation of his community control was based.  Thereafter, with counsel present,

Blankenship waived an evidentiary hearing and advised the trial court that he wished to enter an admission to violations in his 2020 case in exchange for the dismissal of the other community-control violation (in his 2020 case) and his pending domestic-violence indictment.

**{¶20}** When addressing Blankenship's understanding of his rights at his community-control-revocation hearing, "the relevant consideration is not whether the record proves that [Blankenship] understood the rights he [is] waiving; it is whether the record in some way indicates that he did not understand the rights he [is] waiving." *Patton*, 2016-Ohio-4867, at ¶ 12. "Generally, without affirmative evidence in the record indicating otherwise, we presume regularity in trial court proceedings." *Id.*, citing *State v. Raber*, 134 Ohio St.3d 350, 2012-Ohio-5636, ¶ 19.

**{¶21}** In this instance, the record is void of any evidence demonstrating that Blankenship failed to understand the rights he waived when he admitted to his community-control violations. Moreover, presuming regularity entails that we posit that the trial court and the parties would have proceeded to an evidentiary hearing, if Blankenship had not shown his willingness to enter an admission to violating the terms of his community control. *See id.*

**{¶22}** Therefore, we conclude that the community-control-revocation hearing comported with the requirements of due process and Crim.R. 32.3.

Accordingly, we conclude that the trial court did not abuse its discretion by revoking Blankenship's community control, and thus, we overrule his assignment of error.

**Assignment of Error II**

**Where the court opposes [sic] consecutive sentences, they are required to make findings pursuant to Ohio Revised Code 2929.14(C)(4) which must be announced at the time of the sentencing, and the finding must be written down and incorporated into the judgment entry of sentencing and failure of [sic] trial court do so requires that the case be remanded to the trial court for re-sentencing.**

{¶23} In his second assignment of error, Blankenship asserts that the trial court erred by imposing consecutive sentences. Specifically, he argues that since the trial court did not make the necessary findings on the record at the time of his sentencing hearing and did not incorporate those findings into its judgment entry, this matter must be remanded for resentencing.

*Standard of Review*

{¶24} Under R.C. 2953.08(G)(2), an appellate court may reverse a sentence "only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. Clear and convincing evidence is that "'which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *Id.*

at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

*Analysis*

**{¶25}** Here, Blankenship argues that the trial court erred by imposing consecutive sentences. R.C. 2929.41(A) provides that "[e]xcept as provided in * * * division (C) of section 2929.14 * * *, a prison term, jail term, or sentence of imprisonment shall be served concurrently with any other prison term, jail term, or sentence of imprisonment imposed by a court of this state, another state, or the United States * * *." R.C. 2929.14(C) states, in its pertinent parts:

> (4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
>
> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4)(a)-(c) (Mar. 22, 2019 to Apr. 11, 2021) (current version R.C. 2929.14(C)(4)(a)-(c) Apr. 12, 2021). "R.C. 2929.14(C)(4) requires a trial court to make specific findings on the record before imposing consecutive sentences." *State v. Nienberg*, 3d Dist. Putnam Nos. 12-16-15 and 12-16-16, 2017-Ohio-2920, ¶ 17. "Specifically, the trial court *must* find: (1) consecutive sentences are necessary to either protect the public or punish the offender; (2) the sentences would not be disproportionate to the offense committed; and (3) one of the factors in R.C. 2929.14(C)(4)(a), (b), or (c) applies." (Emphasis added.) *Id.*

**{¶26}** When imposing consecutive sentences, the trial court must make the findings required by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate those findings into its sentencing entry. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, ¶ 29, 37. In complying with this requirement, the trial court "has no obligation to state reasons to support its findings." *Id.* at ¶ 37. "[P]rovided that the necessary findings can be found in the record and are incorporated into the sentencing entry," a trial court need not recite a "talismanic incantation" of the language of R.C. 2929.14(C)(4) to properly impose consecutive sentences. *Id.*

**{¶27}** Hence, we undertake a review of the record to determine whether the trial court made the necessary findings. At the sentencing hearing, the trial court made the following findings regarding consecutive sentences:

> As for consecutive sentences, um, I haven't picked out the number yet, but clearly consecutive sentencing here would be appropriate under 2929.14. Um, mainly because he committed the violations while awaiting sentencing. If you want to go to the underlying charges, he had two or more multiple offenses and definitely they were separate offenses, one, was using methamphetamine, the other was, was an offense of violence and I don't think one prison term would adequately punish the offender. And so I think under 2929.11 and 2929.12 and 2929.14, I think a prison sentence is appropriate, I think consecutive sentences are appropriate, the question is how much.

(Sept. 30, 2021 Tr. at 16-17). Notably, the trial court did consider punishment of the offender under 2929.14(C)(4) and made findings as to subsections (a) and (b) in its imposition of sentence. Further, the trial court engaged in the required proportionality analysis weighing the severity of consecutive sentences against the seriousness of those offenses, the harm to the victims, and the future risk to the public posed by Benedict's particular conduct. (*See id.* at 17). *See also State v. Rodriguez*, 3d Dist. Defiance No. 4-16-16, 2017-Ohio-1318, ¶ 12; *State v. Fields*, 10th Dist. Franklin No. 16AP-417. 2017-Ohio-661, ¶ 20; *State v. Adams*, 10th Dist. Franklin No. 13AP-783, 2014-Ohio-1809, ¶ 21. Hence, we conclude that the trial court made the required findings regarding the imposition of consecutive sentences. *See id.*; *id.*; *id.*

{¶28} Notwithstanding the foregoing, the trial court failed to incorporate *any* findings into its sentencing entry. (*See* Sept. 30, 2021 Tr. at 15-17); (Doc. No. 38). Nevertheless, this is not fatal, because the inadvertent failure to incorporate the statutory findings into a sentencing entry, after making those findings at the sentencing hearing, does not render the sentence contrary to law. *See Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, at ¶ 30. Rather, such a clerical mistake may be corrected by the trial court through a *nunc pro tunc* entry to reflect what actually occurred in open court. *Id.*

{¶29} Thus, in light of the Supreme Court of Ohio's holding in *Bonnell*, the trial court must correct it's sentencing entry, *nunc pro tunc*, by incorporating its consecutive-sentence findings into the entry.

{¶30} As such, Blankenship cannot demonstrate that the imposition of the consecutive sentences herein is clearly and convincingly contrary to law because the record supports that the trial court engaged in the required analysis. However, the record reveals that the trial court failed to incorporate its "consecutive sentencing" findings under R.C. 2929.14(C)(4) into its judgment entry of sentence. In such regards, the second assignment of error is overruled, subject to remand for the trial court to correct its sentencing entry as noted herein.

{¶31} Having found no error prejudicial to the appellant herein in the particulars assigned and argued in his first and second assignments of error, we

Case No. 3-21-20

affirm the judgment of the trial court and the matter is remanded to the trial court for further proceedings consistent with our disposition of the second assignment of error.

*Judgment Affirmed and*
*Cause Remanded*

**MILLER and WILLAMOWSKI, J.J., concur.**

**/jlr**