[Cite as *State v. King*, 2022-Ohio-3185.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## CRAWFORD COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,                    CASE NO. 3-22-14

      v.

EMILY KING,                              **O P I N I O N**

      DEFENDANT-APPELLANT.

Appeal from Crawford County Common Pleas Court
Trial Court No. 17 CR 0257

**Judgment Reversed and Cause Remanded**

**Date of Decision: September 12, 2022**

APPEARANCES:

    *Howard A. Elliott* **for Appellant**

    *Daniel J. Stanley* **for Appellee**

**SHAW, J.**

{¶1} Defendant-Appellant, Emily King ("King"), appeals from the March 28, 2022 judgment entry of the Crawford County Court of Common Pleas.

*Facts and Procedural History*

{¶2} On September 26, 2017, King was charged in a two-count indictment with the offenses of possession of drugs, a fifth degree felony (Count 1), and tampering with evidence, a third degree felony (Count 2). King entered into a negotiated plea agreement, pled guilty to both counts, and was sentenced to an agreed sentence recommendation of twelve months in prison on Count 1 and thirty-six months on Count 2, to be served consecutively, for a total of forty-eight months in prison (with consideration of judicial release). The trial court granted her 63 days of jail-time credit up to November 27, 2017, the date of sentencing.

{¶3} Subsequently, on King's motion for judicial release, the trial court granted the motion on March 15, 2018 and placed her on five years of community control. The trial court filed a judgment entry which stated:

> **Defendant's Motion is granted and** *the remainder of the prison sentence imposed in the above-captioned case(s) be and hereby is suspended. The Court hereby reserves jurisdiction to reimpose the remaining prison time*, **and the Defendant is hereby placed on Community Control for a period of five (5) years under the standard conditions and terms of the Crawford County Probation Department.**

(Emphasis added.) (Doc. No. 24).

{¶4} On July 6, 2021, King appeared before the trial court for a hearing on community control violations wherein the trial court continued her community control. At a subsequent community control violation hearing on October 20, 2021, the trial court again continued her community control. King was back in court for another community control violations hearing on March 28, 2022. The trial court revoked her judicial release community control after the hearing on the matter, and stated: "*I'm going to reimpose the 48 months in prison*." (Emphasis added.) (Mar. 28, 2022 Tr. at 12). With regard to jail-time credit, the trial court stated: "[S]he would get credit for any days that she's done either in jail or in prison." (*Id.* at 8-9). In its subsequent judgment entry, the trial court sentenced King on Count 1 to twelve months in prison, consecutive to thirty-six months in prison on Count 2, for a total of forty-eight months. The trial court granted King "jail-time" credit in the amount of 241 days, as of March 28, 2022. (Doc. No. 60). It is from this judgment entry that King appeals, stating the following assignment of error for our review.

### Assignment of Error

**The trial court is obligated to determine at the sentencing hearing how many days of credit the Defendant is entitled to for time served with respect to the offense at hand. The failure to do so is error requiring the matter be reversed for an appropriate determination by the trial court at a sentencing hearing.**

{¶5} For her sole assignment of error, King asserts the trial court erred by failing to comply with its statutory obligation under R.C. 2929.19(B)(2)(g)(i) to

determine what jail-time credit was to be afforded her at the sentencing hearing. (Appellant's Brief at 9). Additionally, while not expressly argued, King's assignment of error implicitly raises a question of whether the trial court erred in the process of reimposing King's prison sentence with credit for time served after revoking her judicial release.

*Legal Standard*

{¶6} R.C. 2929.19(B)(2)(g)(i) states that:

**(B)(2) * * * [I]f the sentencing court determines at the sentencing hearing that a prison term is necessary or required, the court shall do all of the following:**

**\* \* \***

**(g)(i) Determine, notify the offender of, and include in the sentencing entry the total number of days, including the sentencing date but excluding conveyance time, that the offender has been confined for any reason arising out of the offense for which the offender is being sentenced and by which the department of rehabilitation and correction must reduce the definite prison term imposed on the offender as the offender's stated prison term \* \* \* . The court's calculation shall not include the number of days, if any, that the offender served in the custody of the department of rehabilitation and correction arising out of any prior offense for which the prisoner was convicted and sentenced.**

{¶7} Next, R.C. 2929.20, which governs judicial release, provides in pertinent part:

**If the court grants a motion for judicial release under this section, the court shall order the release of the eligible offender, shall place the eligible offender under an appropriate community control**

**sanction, under appropriate conditions, and under the supervision of the department of probation serving the court and shall reserve the right to reimpose the sentence that it reduced if the offender violates the sanction.**

R.C. 2929.20(K). Thus, an offender, like King, who has been granted judicial release " 'has already served a period of incarceration, and *the remainder of that prison sentence is suspended* pending either the successful completion of a period of community control or the [offender's] violation of a community control sanction.' " (Emphasis added.) *State v. Davis*, 3d Dist. Defiance No. 4-21-03, 2021-Ohio-3790, ¶ 5, quoting *State v. Alexander*, 3d Dist. Union No. 14-07-45, 2008-Ohio-1485, ¶ 7.

*Legal Analysis*

**{¶8}** A review of the record clearly indicates that the trial court, after revoking judicial release at the hearing, committed to King receiving credit for any days that she had spent in jail and prison. (Mar. 28, 2022 Tr. at 8-9). However, in its judgment entry of sentence, the trial court only noted the prior "jail time" with no reference to prior "prison time." Moreover, the record shows that following King's violation of judicial release, *the trial court imposed the entire original prison terms* for her offenses, rather than reimposing the balance of her prison terms as required by R.C. 2929.20(K).

**{¶9}** As noted earlier, the record shows that in its judgment granting judicial release, the trial court specifically suspended the *remaining* portion of King's prison

sentence and specifically reserved jurisdiction to allow it to reimpose the *remaining* prison time. In sum, it is our view that requiring the trial court to reimpose only the balance of the previously imposed prison sentence, as opposed to reimposing the entire original sentence and then purporting to deduct credit for both prior "prison time" served as well as prior "jail time" served, not only avoids unnecessary issues as to the calculation of prison time by the trial court instead of the Department of Rehabilitation and Correction, but is also more consistent with the language of R.C. 2929.20(K), and our prior case law, as well as the language of the trial court's own judgment entry granting judicial release in this case.

{¶10} As for jail-time credit, the number of days of jail-time credit that the trial court credited King when it sentenced her in this case, specifically 241 days, is reflected in its judgment entry of March 28, 2022. We have recognized that the Department of Rehabilitation and Correction has the duty to *apply* jail-time credit, however, the trial court has the responsibility of determining the number of days to be credited. *State v. Mills*, 3d Dist. Auglaize Nos. 2-22-09 and 2-22-10, 2022-Ohio-2821, ¶ 8. It is then consistent for the trial court to determine the number of days of jail-time credit that King is entitled to have credited toward the remaining balance of her original sentence pursuant to R.C. 2929.19(B)(2)(g)(i). In this regard, we note that while the record reflects that the calculation of "jail-time" credit was made in this case, we are unclear from the record whether some part of the 241 days

credited by the trial court would not count as "jail time" because, as previously indicated, the trial court's entry of sentence is devoid of any other consideration of King's prior "prison time."

{¶11} Therefore, based on the foregoing analysis regarding the trial court's reimposition of King's entire original sentence instead of the balance of the previously imposed sentence and regarding jail-time credit, King's sole assignment of error is sustained to the extent as discussed above. Accordingly, we reverse the sentence imposed by the trial court and remand this case for the trial court to properly reimpose the balance remaining on King's original prison terms consistent with its own judgment entry granting judicial release subject only to the amount of "jail-time" credit in accordance with R.C. 2929.19(B)(2)(g)(i).

*Conclusion*

{¶12} Having found error prejudicial to the Appellant in the particulars assigned and argued, the judgment of the Crawford County Court of Common Pleas is reversed. This cause is remanded to the trial court for further proceedings consistent with this opinion.

*Judgment Reversed and*
*Cause Remanded*

**MILLER and WILLAMOWSKI, J.J., concur.**

**/jlr**