[Cite as *State v. Bell*, 2022-Ohio-3876.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## CRAWFORD COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                  CASE NO. 3-22-11

    v.

ROY BELL,                              O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Crawford County Common Pleas Court
Trial Court No. 20-CR-0306

**Judgment Reversed and Cause Remanded**

**Date of Decision: October 31, 2022**

APPEARANCES:

    *Howard A. Elliott* **for Appellant**

    *Daniel J. Stanley* **for Appellee**

**SHAW, J.**

{¶1} Defendant-Appellant, Roy Bell ("Bell"), appeals from the March 15, 2022 judgment entry of the Crawford County Court of Common Pleas revoking his community control imposed after being granted judicial release and sentencing him.

*Facts and Procedural History*

{¶2} On August 25, 2020, Bell was indicted on one count of failure to provide a change of address as required for an offender convicted of a sexually-oriented offense, a third-degree felony. Bell entered into a negotiated plea agreement, pled guilty to the indictment, and was sentenced to an agreed sentence recommendation of thirty-six months in prison (with consideration of judicial release). The trial court granted him 37 days of jail-time credit including the date of sentencing of January 27, 2021.

{¶3} Subsequently, on Bell's motion for judicial release, the trial court granted the motion on October 14, 2021 and placed him on five years of community control. The trial court filed a judgment entry which stated:

> **Defendant's Motion is granted and** *the remainder of the prison sentence imposed in the above-captioned case(s) be and hereby is suspended. The Court hereby reserves jurisdiction to reimpose the remaining prison time*, **and the Defendant is hereby placed on Community Control for a period of five (5) years under the standard conditions and terms of the Crawford County Probation Department.**

(Emphasis added.) (Doc. No. 18).

**{¶4}** On January 6, 2022, Bell's Probation Officer filed a "motion" to show cause why Bell's probation (community control) should not be revoked for failure to report as required after his case in Harrison County, Kentucky was concluded. The "motion" also alleged that Bell failed to inform his Probation Officer of his current address. An initial probable cause hearing was then conducted, at which the trial court found there was probable cause to proceed to a full-revocation hearing. Bell was represented by counsel at this hearing and a denial was entered on his behalf.

**{¶5}** On March 14, 2022, the trial court held a community control violation and sentencing hearing. The hearing began with a recitation of the two alleged violations contained in the "motion," and the grounds for the violations. At this hearing, following an affirmative indication by Bell's counsel, the trial court asked Bell if it was his intention to admit the alleged violations. Bell responded, "Yes, sir." (Mar. 14, 2022 Tr. at 6). Bell responded affirmatively when asked if he was admitting to violating his community control. The trial court accepted the violations admission and proceeded directly to sentencing. After hearing arguments from both Bell's counsel and the State, as well as a statement from Bell, the trial court stated on the record at the hearing: *"I'm going to reimpose the 36 months prison sentence. He'll get credit for all the time that he's done in jail and prison[.]"* (Emphasis added.) (*Id.* at 14). In its March 15, 2022 judgment entry, the trial court revoked

Bell's judicial release community control and sentenced him to "*36 months in jail on each count, concurrent with each other.*" (Emphasis added.) (Doc. No. 26). The trial court awarded Bell jail-time credit for 119 days as of the date of sentencing, March 14, 2022. It is from this judgment entry that Bell appeals, asserting the following two assignments of error for our review.

## Assignment of Error No. 1

**The trial court, in proceeding with the community control violation hearing, failed to notify the Defendant/Appellant his right to a hearing and to call and cross examine the witnesses against him at a hearing prior to accepting the Defendant's admissions to the community control violation.**

## Assignment of Error No. 2

**The trial court failed and violated its statutory duty to compute credit for time served at the sentencing hearing and in its subsequent entry, erroneously calculated the amount of credit for time served owed the Defendant/Appellant.**

*First Assignment of Error*

{¶6} In his first assignment of error, Bell argues that he was denied his due process rights at the community control violation and sentencing hearing. Bell claims that the trial court failed to properly advise him "as to what his rights were to confront witnesses, present evidence and have a hearing." (Appellant's Brief at 7).

*Legal Analysis*

**{¶7}** "[A] defendant in a community control violation hearing is not entitled to all of the same rights as a defendant in a criminal prosecution and the requirements of Criminal Rule 11(C)(2) do not apply." *State v. Zeger*, 3d Dist. Crawford No. 3-21-14, 2022-Ohio-1202, ¶ 5. Before a trial court imposes a prison term for the violation of the conditions of community control, a trial court is required to hold "a hearing at which the defendant shall be present and apprised of the grounds" for the violation. Crim.R. 32.3(A). In this context, due process entitles a defendant on community control to: (1) written notice of the claimed violations; (2) disclosure of the evidence against a defendant; (3) an opportunity to be heard and to present evidence; (4) the right to confront and cross-examine adverse witnesses; (5) a neutral and detached hearing body; and (6) a written statement by the factfinder as to the evidence relied upon and reasons for revocation. *Zeger* at ¶ 5, citing *State v. Grow*, 3d Dist. Logan Nos. 8-20-27, 8-20-28, and 8-20-29, 2021-Ohio-641, ¶ 8. "When reviewing a record to determine if the due process requirements were met for a community control revocation hearing, 'the relevant consideration is not whether the record proves that [a defendant] understood the rights he [is] waiving; it is whether the record in some way indicates that he did not understand the rights he [is] waiving.' " *Id.* citing *Grow, supra* at ¶ 12.

{¶8} In this case, a violation hearing was held, Bell was present and represented by counsel at this hearing, and he was informed of the grounds of the two community-control violations via the "motion" to revoke his community control. As is stated above, at the violation hearing, Bell's Probation Officer read into the record the basis for the claimed violations. Moreover, as is stated above, defense counsel admitted to the allegations on behalf of Bell and when the trial court then addressed Bell personally, he admitted to the alleged community control violations. Further, Bell, through his counsel's arguments and Bell himself, was given an opportunity to address the trial court regarding the sentence for the community control violations. Under these facts and circumstances, the record demonstrates that Bell's right to due process of law was not violated, and Bell's first assignment of error is accordingly overruled. *See Zeger*.

*Second Assignment of Error*

{¶9} In his second assignment of error, Bell contends the trial court erroneously calculated the amount of his jail-time credit pursuant to R.C. 2929.19(B)(2)(g)(i) when sentencing him. Bell claims that he should receive jail-time credit for the time from his arrest in Kentucky until extradited back to Ohio and that the trial court's computation of his jail-time credit is inaccurate. Bell also claims the trial court failed to grant credit for the time he spent incarcerated before judicial release was granted to him.

*Legal Standard*

**{¶10}** R.C. 2929.19(B)(2)(g)(i) states that:

**(B)(2) * * * [I]f the sentencing court determines at the sentencing hearing that a prison term is necessary or required, the court shall do all of the following:**

**\* \* \***

**(g)(i) Determine, notify the offender of, and include in the sentencing entry the total number of days, including the sentencing date but excluding conveyance time, that the offender has been confined for any reason arising out of the offense for which the offender is being sentenced and by which the department of rehabilitation and correction must reduce the definite prison term imposed on the offender as the offender's stated prison term \* \* \* . The court's calculation shall not include the number of days, if any, that the offender served in the custody of the department of rehabilitation and correction arising out of any prior offense for which the prisoner was convicted and sentenced.**

**{¶11}** Next, R.C. 2929.20, which governs judicial release, provides in pertinent part:

**If the court grants a motion for judicial release under this section, the court shall order the release of the eligible offender, shall place the eligible offender under an appropriate community control sanction, under appropriate conditions, and under the supervision of the department of probation serving the court and shall reserve the right to reimpose the sentence that it reduced if the offender violates the sanction.**

R.C. 2929.20(K). Thus, an offender, like Bell, who has been granted judicial release "'has already served a period of incarceration, and *the remainder of that prison sentence is suspended* pending either the successful completion of a period of

-7-

community control or the [offender's] violation of a community control sanction.'"

(Emphasis added.) *State v. Davis*, 3d Dist. Defiance No. 4-21-03, 2021-Ohio-3790,

¶ 5, quoting *State v. Alexander*, 3d Dist. Union No. 14-07-45, 2008-Ohio-1485, ¶ 7.

*Legal Analysis*

{¶12} Initially, we note that it is apparent on the record that the trial court's

sentencing entry erroneously states Bell was sentenced to "jail" rather than prison

as the trial court orally pronounced at the hearing. (Doc. No. 26; Mar. 14, 2022 Tr.

at 14). We note further that the sentencing entry then erroneously states that Bell

was sentenced "on each count, concurrent with each other" when there was only one

offense at issue in the present case. (Doc. No. 26).

{¶13} In addition, while a review of the record clearly indicates that the trial

court, after revoking judicial release at the hearing, committed to Bell receiving

credit for any days that he had spent in jail and prison, the trial court then went on

to state, however, that: "I don't know about the time in Kentucky, whether he gets

credit for that or not, he probably would not because he's being held on two matters

down there, but that's something you guys can work on, I'll look for an Entry on

that and if there's a problem with that, you can file a Motion, Mr. Bibler, about jail

time credit[.]" (Mar. 14, 2022 Tr. at 14). The trial court, however, also only noted

119 days of prior "jail time" with no reference to prior "prison time" in its judgment

entry of sentence. Moreover, the record shows that following Bell's violation of

judicial release, *the trial court imposed the entire original thirty-six month term* for his offense, rather than reimposing the balance of his prison term as required by R.C. 2929.20(K).

**{¶14}** As noted earlier, the record shows that in its judgment granting judicial release, the trial court specifically suspended the *remaining* portion of Bell's prison sentence and specifically reserved jurisdiction to allow it to reimpose the *remaining* prison time. This Court has recently explained in similar cases that "it is our view that requiring the trial court to reimpose only the balance of the previously imposed prison sentence, as opposed to reimposing the entire original sentence and then purporting to deduct credit for both prior 'prison time' served as well as prior 'jail time' served, not only avoids unnecessary issues as to the calculation of prison time by the trial court instead of the Department of Rehabilitation and Correction, but is also more consistent with the language of R.C. 2929.20(K), and our prior case law, as well as the language of the trial court's own judgment entry granting judicial release in this case." *State v. Pfeifer*, 3d Dist. Crawford No. 3-22-12, 2022-Ohio-3184, ¶ 10; *State v. King*, 3d Dist. Crawford No. 3-22-14, 2022-Ohio-3185, ¶ 9; *State v. Foust*, 3d Dist. Crawford No. 3-21-27, 2022-Ohio-3187, ¶ 11.

**{¶15}** As for jail-time credit, the number of days of jail-time credit that the trial court credited Bell when it sentenced him in this case, specifically 119 days, is reflected in its sentencing entry of March 15, 2022. This Court has recognized that

"the Department of Rehabilitation and Correction has the duty to *apply* jail-time credit, however, the trial court has the responsibility of determining the number of days to be credited." (Emphasis sic.) *Pfeifer* at ¶ 11; *King* at ¶ 10; *Foust* at ¶ 12 (all citing *State v. Mills*, 3d Dist. Auglaize Nos. 2-22-09 and 2-22-10, 2022-Ohio-2821, ¶ 8). "It is then consistent for the trial court to determine the number of days of jail-time credit that [Bell] is entitled to have credited toward the remaining balance of [his] original sentence pursuant to R.C. 2929.19(B)(2)(g)(i)." *Id.* In this regard, as the State concedes in its brief, "there may be a period of time between his arrest and conveyance from Kentucky on the Ohio warrant" to include in the trial court's jail-time credit calculation. (Appellee's Brief at 8).

**{¶16}** Therefore, based on the foregoing analysis regarding the trial court's reimposition of Bell's entire original sentence instead of the balance of the previously imposed sentence and regarding jail-time credit, Bell's second assignment of error is sustained to the extent as discussed above. Accordingly, we reverse the sentence imposed by the trial court and remand this case for the trial court to properly reimpose the balance remaining on Bell's original prison term consistent with its own judgment entry granting judicial release subject only to the correct amount of "jail-time" credit in accordance with R.C. 2929.19(B)(2)(g)(i).

*Conclusion*

**{¶17}** The judgment of the Crawford County Court of Common Pleas is reversed, and the matter is remanded for further proceedings consistent with this opinion.

*Judgment Reversed and*
*Cause Remanded*

**MILLER and WILLAMOWSKI, J.J., concur.**

**/jlr**