[Cite as *State v. Ward*, 2024-Ohio-5736.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                    Court of Appeals No.  WD-23-064

        Appellee                          Trial Court No. 2023 CR 0032

v.

Adam Ray Ward                           **DECISION AND JUDGMENT**

        Appellant                          Decided:   December 6, 2024

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, and
David T. Harold, Chief Assistant Prosecuting Attorney, for appellee.

Samuel Gold, for appellant.

* * * * *

**MAYLE, J.**

{¶ 1} Appellant, Adam R. Ward, appeals the November 17, 2023 judgment of the Wood County Court of Common Pleas, revoking his community control and sentencing him to 12 months in prison.  For the following reasons, we affirm the trial court's judgment.

## I. Background

{¶ 2} Ward was indicted on two counts: aggravated possession of drugs, in violation of R.C. 2925.11(A) and (C)(1)(a), a felony of the fifth degree (Count 1) and petty theft, in violation of R.C. 2913.02(A)(1) and (B)(2), a misdemeanor of the first degree. Ward was arraigned on February 16, 2023, pled not guilty and released on his own recognizance.

{¶ 3} Ward's bond was revoked after he failed to report to probation for a drug screen and later failed to appear for a pretrial hearing. At a hearing, the parties requested that Ward be released on a cash bond, which the court set at $5,000, no ten percent.

{¶ 4} At a change-of-plea hearing on April 6, 2023, Ward pled guilty to Count 1, and the state moved to dismiss Count 2. The trial court accepted the plea, entered a finding of guilt and ordered a presentence investigation. In the interim, Ward engaged in an in-patient drug treatment program, and by all accounts, made progress in his effort to maintain sobriety.

{¶ 5} Following a hearing on June 1, 2023, the trial court sentenced Ward to two years of community control, subject to various conditions, including that Ward successfully complete treatment, refrain from ingesting or injecting any illegal drugs and to submit to drug testing as directed by the probation department. The trial court advised Ward that if he violated the terms of his community control, it could modify those terms, lengthen the period of community control or impose the "reserved prison term of 12 months." Ward did not appeal.

2.

{¶ 6} On July 27, 2023, the state filed a petition to revoke community control, alleging that Ward tested positive for tetrahydrocannabinol ('THC").  At a bond hearing, Ward admitted to the violation and further admitted that he had been "removed" from his treatment program.  Ward indicated his intention to immediately engage at Firelands Intensive Outpatient Program and was released on a cash bond.

{¶ 7} At the September 14, 2023 disposition hearing, the state told the court that— in addition to testing positive for THC—Ward had recently tested positive for cocaine and alcohol.  The state requested that Ward be ordered to enroll in the SEARCH Program, an in-patient substance abuse program sponsored by the Northwest Ohio Community Corrections Center.  Ward waived his right to a hearing on the alleged violation and further admitted to testing positive for cocaine and to having a "problem" with alcohol.  For its disposition, the trial court continued Ward's term of community control, but it added the conditions that he complete the SEARCH Program and refrain from drinking alcohol.  Again, the court notified Ward that it was holding the 12-month prison term in "reserve."  Ward was taken into custody, to be begin SEARCH immediately.  Ward did not appeal.

{¶ 8} On November 2, 2023, the state filed a petition alleging that Ward had once again violated the terms of his community control, this time by having been terminated from the SEARCH program, allegedly for "punching a wall."  Ward was incarcerated in the county jail and granted bond in the amount of $25,000 "no ten percent."

3.

{¶ 9} A hearing was held on November 16, 2023. At that time, Ward stipulated to a finding that he violated the terms of his community control, and the matter proceeded to disposition. The state recommended that community control be revoked and that the reserved prison sentence be imposed. Ward concurred. Through his counsel, Ward "request[ed] that the Court impose a prison term and terminate [him] from community control." Ward declined to speak further on the issue. By judgment dated November 17, 2023, the court found that Ward was no longer amendable to community control and sentenced him to serve 12 months in prison as to Count 1, plus two years of discretionary post-release control.

{¶ 10} Ward appealed and raises a single assignment of error for our review:

ASSIGNMENT OF ERROR: The Trial Court abused its discretion by revoking Appellant's community control and imposing 36 months of incarceration.[1]

## II. Law and Analysis

{¶ 11} "Appellate review of prison sentences imposed for violations of felony community control sanctions is governed by the standards set forth in R.C. 2953.08(G)(2)." *State v. Tolle,* 2024-Ohio-4709, ¶ 13 (2d Dist.), citing *State v. Marcum*, 2016-Ohio-1002; *see also, State v. Whitaker,* 2020-Ohio-4249, ¶ 10 (6th Dist.). Under R.C. 2953.08(G)(2), we may vacate or modify Ward's sentence only if we "determine[ ]

---

[1] Ward was sentenced to *twelve* months in prison, not 36 months as he indicates in his assignment of error, which we presume was a typographical error. *Accord State v. Whitfield,* 2024-Ohio-187, ¶ 7, fn. 1 (6th Dist.).

4.

by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *Marcum* at ¶ 1. In this case, none of the relevant statutes mentioned in R.C. 2953.08(G)(2) apply to this case; accordingly, we must simply determine whether Ward's sentence is otherwise contrary to law. *Tolle* at ¶ 13.

{¶ 12} Ward argues that the trial court erred when it revoked his community control and imposed a prison sentence because "his community control violations, though several, were not significant enough to warrant prison." But, at the sentencing hearing, Ward expressly "request[ed] that the Court impose a prison term and terminate [him] from community control." For this reason, Ward's arguments on appeal are precluded by the invited error doctrine, which provides that "a party will not be entitled to take advantage of an error which he himself invited or induced the trial court to make." *Lester v. Leuck,* 142 Ohio St. 91, 92 (1943); *Accord, State v. Evans*, 2021-Ohio-1411, ¶ 21 (8th Dist.) ("By waiving a PSI, conceding that a community control sanction was not an appropriate sentence, and specifically requesting a prison term that was short of the 18-month maximum, defense counsel arguably invited any error regarding the trial court's imposition of a prison sentence rather than a community control sanction.")

5.

**{¶ 13}** We therefore find Ward's assignment of error not well-taken. We affirm the November 17, 2023 judgment of the Wood County Court of Common Pleas. Ward is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Christine E. Mayle, J.                        _____
                                                            JUDGE

Gene A. Zmuda, J.

Chales E. Sulek, P. J.                        _____
CONCUR.                                                JUDGE

                                                      _____
                                                            JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.